STATE EX REL. A. B. WALKER, PROSECUTING ATTORNEY, APPELLANT, v. LOCUST CREEK DRAINAGE DISTRICT ET AL., RESPONDENTS.—67 S. W. (2d) 840.

Kansas City Court of Appeals. January 29, 1934.

M. E. Montgomery, L. E. Atherton and Campbell & Campbell for appellant.

C. A. Johnson and Gilbert Lamb for respondents.

REYNOLDS, C.—This proceeding originated in the Circuit Court of Linn County at Brookfield. It was instituted by the prosecuting attorney of Sullivan County at the relation of the State and was instituted in compliance with an order of the county court of said county.

The respondent Locust Creek Drainage District is a drainage district embracing within its jurisdiction lands lying in both Linn and Sullivan counties. It was incorporated by the decree of the Circuit Court of Linn County on the ninth day of June, 1920, under laws then existing and applicable to the organization of drainage districts in the circuit courts.

At the time of the incorporation of respondent district, there was included within its boundaries a public road in Sullivan County known as Brumbaugh Highway, which ran in an easterly and westerly direction and across Locust Creek, a stream running north and south through Sullivan and Linn counties, also included, at least in part, within respondent's boundaries. A bridge had been maintained by Sullivan County where the highway in question crossed Locust Creek in said county for many years.

Upon its incorporation, the respondent district perfected a plan of reclamation and, in pursuance thereof, in the year 1922, constructed a ditch or drain from a point in Linn County to a point in Sullivan County at points cutting into and utilizing the channel of Locust Creek. In the construction of said ditch, it appears, from facts stipulated in the record, that the same was constructed from the south; that, at a point two hundred and twenty-five feet south of the center of the Brumbaugh Highway where it crossed said Locust Creek, it cut into the channel of Locust Creek; that, at a point one hundred and fifty feet north of said highway, as it crossed said Locust Creek, the construction of said ditch and drain was renewed by cutting through the north bank of Locust Creek and continuing north therefrom through an old ditch, which had been formerly cut and in use, until it reached a point where such old ditch entered the channel of said creek, said old ditch being followed and enlarged and used by respondent district as a part of its ditch and drain. It appears that no change was made in or work done upon said Locust

Creek between such points north and south of said highway for a distance of three hundred and seventy-five feet aforesaid, except that, at a point forty feet north of its channel at its intersection with said Brumbaugh Highway and at points north from such point, projections in the channel of said Locust Creek were removed by the use of dynamite and that the plan of reclamation provided for the use of the channel of Locust Creek between the points aforesaid.

It appears further that, soon after or about the time of the construction of said ditch, Sullivan County and the respondent district removed, or caused to be removed, a bridge in use along said public highway where it crossed said Locust Creek west of the city of Browning to the point designated as the Brumbaugh bridge site where said highway now crosses said creek and that said bridge was thereafter kept and maintained at said point for the public travel on said road (by whom it does not appear, but, presumably, by Sullivan County) until in the year 1928, when Sullivan County caused it to be removed to a point eleven feet to the west where it was again maintained until in February, 1929, when the eastern bank of said creek, upon which the eastern end of the bridge rested, was cut by an ice flow and gorge through the ditch, rendering it impassable; and it now appears to be gone and has never been replaced. Subsequent to the construction of said bridge, Sullivan County, on July 18, 1929, made written demand upon respondents to construct and maintain a bridge at such point, which demand has been seemingly ignored and never complied with; and it sufficiently appears, from the answer herein, that respondents had and have no intention of complying with such demand or of building a bridge at the point in question. At the time of the construction of the ditch, Locust Creek, where it crossed the highway at the point in question, tended to cut gradually west. The continued cutting of its bank to the westward seems to have been the occasion for the removal eleven feet west, as above mentioned, of the old bridge in the year 1928 by the county court of Sullivan County.

By this proceeding, it is sought to obtain a decree of the court for a mandatory injunction compelling the erection by the respondent district and its supervisors of a suitable bridge and approaches thereto at the point on Brumbaugh Highway where it crosses Locust Creek and the permanent maintenance of the same at the expense of the respondent district. The probable cost of a suitable bridge and approaches at the point in question is between $5,000 and $7,000.

The petition was filed on the twenty-ninth day of September, 1929, and proceeds upon the theory that the law casts upon the respondent district and the respondent supervisors representing it the duty to build and maintain a suitable bridge at the site in question together with suitable approaches thereto and is as follows:

"Be it remembered that A. B. Walker, Prosecuting Attorney for Sullivan County, Missouri, and who in that behalf prosecutes for the State of Missouri, comes now, and gives the court here to understand and be informed and charges the facts to be:

"That defendant, the Locust Creek Drainage District is a corporation created, organized and existing under and by virtue of an act of the Forty-seventh General Assembly of the State of Missouri, approved May 24, 1913 (Laws of Missouri, 1913, pages 232 to 267, inclusive), and incorporated by a decree of the Circuit Court of Linn County, Missouri, entered of record on the 9th day of June, 1920, for the purpose of reclaiming swamp, wet and overflow land, by drainage or otherwise, and that all of said land in said Locust Creek Drainage District is situated in the counties of Linn and Sullivan, State of Missouri.

"That defendant, F. L. Fitch, Guy Grider, George Gooch, Ross Riddle and Luther Shepherd are the duly elected, qualified and acting supervisors of said Locust Creek Drainage District.

"That the board of engineers of said Locust Creek Drainage District, under the order and direction of the said Board of Supervisors, has prepared a "plan for reclamation" and that the same was filed with the secretary of said Board of Supervisors and now of record in the office of the secretary of the board, and in the office of the circuit clerk of Linn and Sullivan counties, Missouri.

"That pursuant to said plan of reclamation said Locust Creek Drainage District constructed a ditch or canal known as the Locust Creek drainage ditch, with an approximate width, at its surface of forty feet and running southwardly from a point east of the western boundary of Section 8, Township 61, Range 20, in Sullivan County, Missouri, to a point in the main channel of Locust Creek west of the City of Laclede in Linn County, Missouri, and being a distance of about twenty-five miles.

"That the right of way of the channels together with the channel, ditch or canal with the courses and distances thereof, through Sullivan County, Missouri, by the Board of Supervisors for said Locust Creek Drainage District, is shown by said plan for reclamation now on file in the office of the secretary of said board.

"That the defendants dug and constructed said channels, ditches and canals in conformity with the said plans hereinabove described.

"That there is in Sullivan County, Missouri, a duly established public highway known as the 'Brumbaugh Road,' and sections twenty and twenty-nine of Township 61, Range 20, and now is and at all times herein mentioned has been under the supervision and control of said county, and has been, and is, kept in repair and used as a road and highway by the people of said county, and that said public highway is intersected by the right of way of said channel of said Locust Creek Drainage District on sectional line between said Sec-

tion Twenty and Twenty-nine aforesaid. And that at said point of intersection said highway is forty feet in width; that for a long time before the construction of said Locust Creek drainage ditch a bridge was constructed and maintained across the original channel of Locust Creek and was at the time of the construction and digging of said Locust Creek drainage ditch ,a good and sufficient bridge and in a good state of repair; that the Locust Creek drainage district, defendant herein, under its plan of reclamation, dug its ditch and drain over and through the said original channel of said Locust Creek immediately under said bridge where said original channel intersected with said public highway and that the said ditch and drain of the Locust Creek Drainage District across the said public highway at the same place and in the same channel as did the original channel of said Locust Creek; but the ditch and drain constructed by said Locust Creek Drainage District over said highway enlarged and made said drain and ditch now there, wider and deeper. But the defendants, Locust Creek Drainage District, F. L. Fitch, Guy Grider, George Gooch, Ross Riddle, and Luther Shepherd and its then duly elected, qualified and acting supervisors well knowing that the construction of said ditch would imperil and endanger said highway and said bridge and the use thereof by the public, or who by the exercise of reasonable care could have known that the digging and construction of said ditch or channel would endanger and hinder the use and maintenance of said highway and said bridge, failed, neglected and refused to restore said highway to its former condition, by bridging said ditch or canal or by enlarging the said bridge as under the law it is required to do and that by reason thereof the waters in said ditch or canal undermined and washed out said bridge on or about the 28th day of February, 1929, and that said highway, at said point, has been rendered impassable by reason of the destruction of said bridge.

"That by reason of the construction of said Locust Creek drainage ditch as above described said highway has been so obstructed as to prevent the general public from traveling thereon and that said highway has been wholly destroyed and rendered worthless; that to restore said highway to its former condition the said County of Sullivan will be compelled to build a bridge and approaches at the point of said intersection, the cost of which said bridge and approaches will be six thousand dollars, and that said County of Sullivan aforesaid has been damaged in said amount by the wrongful action of said defendant as herein alleged.

"That the above mentioned road is one of great importance, and was heavily traveled by the public until said bridge was destroyed, and that Sullivan County has no funds or revenue with which to erect and rebuild said bridge.

"That if it is true as defendant claims and asserts, but which

plaintiff denies, that it is the intent and purpose of Sections 232 to 267 inclusive of the Act of the 47th General Assembly, approved May 24, 1913, to fix upon the county wherein such bridges are to be built and in this instance to fix upon Sullivan County and the taxpayers thereof the cost of building such bridge and approaches, then said law or laws are in violation of Section 28 of Article 4 of the Constitution of the State of Missouri, providing that no bill shall contain more than one subject, which shall be clearly expressed in its title, and that said act contains in the body thereof, matter not clearly expressed in the title of the act and is in violation of the Constitution aforesaid and is null and void.

"That it is the duty of the defendants to erect said bridges and approaches wholly at the expense of the Locust Creek Drainage District and without expense to the taxpayers of Sullivan County, and that the defendants have openly and defiantly declared to the county court of said county, that they will absolutely refuse to cause said bridge and approaches to be erected or enlarged and that said Locust Creek Drainage District would openly and defiantly refuse to construct or enlarge said bridge at the time of the construction of the said ditch or channel as aforesaid described, well knowing that the construction of said ditch or channel or when they could have known, by the exercise of reasonable care that the digging and construction of said ditch or channel would endanger and destroy said bridge and approaches in said highway.

"That the general public has suffered, and in the future will suffer great injury, damages and inconvenience by reason of defendants' cutting across said highway and by reason of said defendants' refusal to rebuild said bridge and approaches or to construct a bridge and approaches on said highway and which conduct on defendants' part constitutes a public nuisance in and upon said highway and defendants are maintaining the same, and refuse to abate it by building said bridge and approaches across said highway and plaintiff has no adequate remedy at law.

"Wherefore, plaintiff prays that defendants and each of them, their agents, servants, employees and contractors, by a mandatory injunction of this court ordering and compelling said defendants, and each of them, to cause to be constructed and maintained, at defendants' expense, a permanent bridge and approaches of proper material and suitable and convenient for public travel to be approved by the County Engineer of Sullivan County, Missouri, speedily and with as little inconvenience as may be to the general public in the use of said highway, at the intersection of said Locust Creek Drainage District ditch or canal and said highway and for such other orders and further relief as to the court may seem meet and just in the premises."

The petition is sufficient in form and substance to state a cause of action for the relief sought.

In addition to the facts hereinbefore noted, the following substantially appear from the record:

That, upon the incorporation of the respondent district and pending the report of the commissioners appointed for the purpose of assessing benefits and damages to the owners of land and other property in said district, including public roads, Sullivan County and the respondent district entered into a written agreement duly approved by the supervisors of said district and the county court of said county, among other things providing, (a) that Sullivan County should construct and make ready for travel at its own expense all the bridges over the proposed improvements in the respondent district and should pay one-half of the expense of the removal of a certain bridge across Locust Creek in said district immediately west of Browning, Missouri, to a new point across said Locust Creek in said county and should thereafter maintain the same without cost to respondent district; that Sullivan County should otherwise maintain without cost to respondent district all the bridges necessary to be constructed in Sullivan County arising out of the execution of the respondent district's plan of reclamation, and that the respondent district should pay to Sullivan County the sum of $1,000 at the time the excavating machinery of said district reached the public highway at the site for the new bridge and without expense to Sullivan County should fill the old channel of Locust Creek where it crossed the county line immediately west of Browning; (b) that, in consideration of such agreement, both Sullivan County and respondent district further agreed to waive any damages to be occasioned by reason of the construction of said bridge or other improvements by the respondent district and both agreed that Sullivan County should not be assessed with any benefits by the respondent district on account of the improvements to be made by it and that no benefit tax should ever be levied against Sullivan County for the purpose of constructing respondent district's improvements or for the purpose of maintaining them. Said agreements arose upon the proposed assessment of benefits by the respondent district against Sullivan County on account of its public roads to be affected by the proposed improvements, in the course of proceedings for such an ascertainment and assessment wherein the sum of $10,300 had been tentatively agreed upon by the commissioners appointed to make such assessment as the amount of benefits to be assessed, to which Sullivan County objected; and such agreements were made for the purpose of compromising and settling all differences arising between respondent district and Sullivan County with reference to such benefits and damages and the assessment thereof.

That said agreements were by said parties referred to the commissioners assessing benefits and damages to be acted upon in accordance therewith, with the result that, in consideration of such agree-

ments between said parties, the commissioners made assessment of no benefits and no damages against Sullivan County on account of its public roads and so recited in their report, later filed with the court, that Sullivan County and respondent district having entered into the agreements referred to, by which Sullivan County had agreed to do all necessary work on the bridges over the main ditch and laterals that was required on the public highway in the district and by which respondent district had in consideration thereof agreed to pay Sullivan County the sum of $1,000 on account of the removal to a new site of an old bridge, they, in consideration of such agreement between the parties, were making an assessment of no benefits and no damages against Sullivan County;

That, upon the final hearing of the commissioners' report at the December term, 1921, of the Circuit Court of Linn County, such report was by the court approved; and the contract so entered into by Sullivan County and respondent district, to which reference was made by said commissioners' report, was, in said decree of approval, fully set out and approved; and it was ordered and adjudged by said decree that no benefits be assessed against the public roads in Sullivan County and that Sullivan County should build, erect, and maintain all new bridges necessary to be built, erected, and maintained across the ditch of respondent Locust Creek Drainage District and pay one-half of the expense of the removal of the old bridge across Locust Creek immediately west of Browning to the new site required and agreed upon and ever after maintain the same at its own expense and that no assessment of benefits should ever be levied or made against the public highways in Sullivan County and that the respondent district should pay to Sullivan County the sum of $1,000 on account of the new bridge required at the new site at such time as its excavating machinery should reach the highway at such site.

Other facts in the record will be noted as occasion may require.

Respondents by their answer present, first, a plea to the jurisdiction of the court, challenging the right of the prosecuting attorney of Sullivan County to maintain this action for and in the name of the State of Missouri and also the right of the State of Missouri to prosecute the same. They further challenge the jurisdiction of the Circuit Court of Linn County to compel the performance by respondents of an affirmative act to be accomplished in Sullivan County. Next, they tender a general denial. Third, they set up that the destruction of the bridge complained of by relator in the petition was occasioned by the unlawful and negligent act of Sullivan County in removing the same to a different point from where it was originally built. Fourth, they pleaded the agreements between Sullivan County and respondent district: the report of the commissioners appointed to assess benefits and damages following thereon by which, in pursuance of said agreements, no benefits and damages were assessed;

the further action of respondent district in the execution of its plan of reclamation; the sale of its bonds and the expenditure of money in such behalf in reliance upon such agreements as an estoppel against Sullivan County to ask now that respondents be required to build and maintain bridges in the district along the highway as it crosses respondent district's ditch or drain in Sullivan County. Fifth, they set up that relator and Sullivan County are estopped from making the claims herein and from obtaining the relief sought by the final decree of the Circuit Court of Linn County rendered at the December adjourned term, 1921, thereof, upon the final hearing of the report of the commissioners assessing benefits and damages, approving said report and confirming in all respects the contract and agreements between Sullivan County and respondent district, referred to in said report, and requiring Sullivan County to build and maintain at its own expense all bridges necessitated, occasioned, and required by reason of the execution of its plan of reclamation by respondent district in said county—except the payment by respondent district of one-half of the expense incident to the removal of a certain bridge over Locust Creek in said county to a new site and except the expense of filling up the old channel of Locust Creek near the town of Browning—and requiring Sullivan County to perform such contract according to its terms and providing that no assessment of benefits should be made or levied against Sullivan County on account of benefits accruing to the public highways therein and that the sum of $1,000 be paid to Sullivan County by the respondent district as in such contract provided. Respondents plead said decree as final and as finally fixing and determining the rights of Sullivan County and of the State of Missouri and of the respondents with respect to all matters involved herein and as a complete bar to this action.

It further appears that Sullivan County was duly notified of the commencement and pendency of proceedings for the organization of respondent district and the filing of the commissioners' report;

That Sullivan County at no time has constructed any bridges over respondent district's ditch or canal in Sullivan County where such canal or ditch crossed the public highways;

That respondent district filled the old channel of Locust Creek west of the city of Browning and made the same in a passable condition and also paid the entire expense of removing the bridge from across old Locust Creek west of Browning to a point where the new channel of Locust Creek crossed the highway;

That respondent district has never paid to the treasurer of Sullivan County any sums of money on account of bridges or other work in the district in Sullivan County, Missouri, or under the contract and agreements set forth in the circuit court decree, and Sullivan County has never repaid to the respondent district any part of the

money that it expended in filling such old channel or in removing such bridge.

Upon final hearing of the cause at the June term, 1930, on the second day, the court found that relator was not entitled, upon the pleadings and proofs, to the relief prayed for in the petition and entered final judgment accordingly that relator's petition be dismissed and that he take nothing by this action and that the costs of this action be taxed against him and that execution be issued therefor.

It appears that the commissioners' report assessing benefits and damages was signed and sworn to on January 6, 1922, and filed in the court on January 12, 1922, that said commissioners were appointed on the fifth day of September, 1921, and that the decree of the court upon their report was rendered subsequent to the filing of such report.

Relator in due time filed motion for a new trial, which motion was, on the sixth day of June, 1930, at the June term of the court, overruled, to which action of the court in so overruling the same and in refusing to grant a new trial, the relator then and there excepted; and, upon relator's due application, an appeal was granted to the Supreme Court of Missouri. The cause reaching the Supreme Court of Missouri on such appeal, it was held by that court that the amount involved did not exceed the sum of $7,500 and that no constitutional question had been preserved and none was involved and that it was without jurisdiction to hear and determine the same. It was thereupon ordered transferred to this court.

## OPINION.

At the outset, we are met with the challenge by the respondents of the jurisdiction of the Circuit Court of Linn County to entertain this proceeding and of the right of the Prosecuting Attorney of Sullivan County to maintain this action at the relation of the State. That the venue of the proceeding is properly laid in the Circuit Court of Linn County, although it involves the compelling of an affirmative act by respondents in another county, we think there is no doubt. The articles of association of respondent drainage district were filed in the Circuit Court of Linn County, and the decree by which it was incorporated was had in said court. Section 4379, Chapter 28, Article 1, Revised Statutes of Missouri provides, among other things that, "The circuit court of the county in which said articles of association have been filed shall thereafter maintain and have original and exclusive jurisdiction coextensive with the boundaries and limits of said district without regard to county lines, for all purposes of this article—"

The purposes of Article 1, as such article relates to the language of this section, have been defined by the Supreme Court of Missouri

in a manner to bring the purposes of this action within them. [State ex rel. Norborne Land Drainage District Co. of Carroll County v. Hughes, 240 S. W. 802, l. c. 805, 294 Mo. 1; State ex inf. McAllister ex rel. Cole v. Norborne Land Drainage District Co. of Carroll County, 234 S. W. 344, 290 Mo. 91.] In the case of Mississippi and Fox River Drainage District v. Ackley, 270 Mo. 157, 192 S. W. 727, it was held that the drainage act relating to the incorporation of drainage districts by the circuit court forms a code unto itself and is independent of and is not governed by the civil code. The boundaries of respondent district extend in both Linn and Sullivan counties; and, under the provisions of the statute quoted, the jurisdiction of the Circuit Court of Linn County extends over all of that part of Sullivan County that is included with Linn County in the district as incorporated in all matters affecting the district. Sullivan County, although not a party to the record in this proceeding, is clearly a party in interest; and, likewise, the State of Missouri, which granted in the first instance the sovereign powers exercised by the respondent district, is interested in the proper exercise thereof by the district. Relief of this same character was granted in behalf of State and county at the suit of the prosecuting attorney in the case of State ex rel. Ashby v. Medicine Creek Drainage District, 224 S. W. 343, 284 Mo. 636. The right of the prosecuting attorney of Sullivan County to institute and maintain this action at the relation of the State and for the relief sought extends, with the jurisdiction of the Circuit Court of Linn County, over all the territory within the boundaries of respondent district regardless of county lines.

2—It is next contended by respondents that, upon the record herein, no showing has been made from which it may be said to appear that respondent district is under the law required to construct the bridge in question; and the reason assigned therefor is that it is not shown that the respondent district in the execution of its plan of reclamation has cut or dug any ditch across Brumbaugh Highway or road at the site of the proposed bridge or that the respondent district has by its utilization of the channel of Locust Creek enlarged or widened it at such point so as to render the old bridge unfit or to destroy it. It is further contended that, the site of the proposed bridge being at a point where the highway crosses the original channel of Locust Creek and not being at a point where the ditch was out or dug across the highway, there is no requirement that respondent district build the same by reason of the mere fact that it may be utilizing said channel by emptying the waters from its ditch into the same. The contention thus made seemingly admits that, if respondent district's ditch had been out or dug along the channel of Locust Creek and across the highway at the proposed site or if respondent district had

so utilized such channel as to enlarge and widen it at such point so as to make a new bridge necessary, it could be required to build it.

Anyhow, that it might be so required under Article 1, Chapter 28, Revised Statutes 1919, applicable to the organization of drainage districts by circuit courts, in force at the time of the organization of respondent district, by reason of the fact that, by thus disturbing the highway, it made the building of a bridge necessary, has been authoritatively settled. [State ex rel. Chamberlain v. Drainage District, 311 Mo. 309; State ex rel. Ashby v. Medicine Creek Drainage District, supra.] No provision having been made by said article requiring the building of such bridge by any other person or body or for the payment of the expenses thereof by any other person or body, the requirement is left upon the district under the common law to build it at its own expense. [Same authorities, supra.]

It is contended by respondents that the liability imposed by such article upon drainage districts organized under its provisions to build and furnish bridges at their own expense, or where, by said article the duty under the common law in such regard is left imposed upon them, is exclusive of liability otherwise and that such districts are not liable for the building of bridges under other circumstances or conditions; that Section 4406 in said article which, among other things, provides that "Within ten days after a dredge boat or any other excavating machinery shall have completed a ditch across any public highway, a bridge shall be constructed and maintained over such drainage ditch where the same crosses such highway," fixes the liability of drainage districts organized by circuit courts in the matter of any and all requirements for the building of bridges by them; that the maxim "*inclusio unius exclusio alterius*" has application; that no requirement having been made of them to build a bridge at any other point than where the highway is cut by their ditches dug across it, there is, therefore, no requirement that can be made of them to build a bridge at some point where their ditch is not cut or dug across the highway or at some point where said highway crosses the channel of some stream or waterway within the district where no ditch is cut even though such channel be utilized by the district by emptying its water from its ditches and drains into the same.

4—That the site herein involved, at which respondent is sought to be required to build the bridge in question, is not at a point where the highway is cut by a ditch dug across it but is at a point where the highway only crosses the channel of Locust Creek is apparent from the record. From the stipulated facts, it appears that the construction of the ditch was from the south and, as it was constructed south of said bridge and highway, it cut into the old channel of Locust Creek at a point two hundred and twenty-five feet south of the center of Brumbaugh Highway and south of the center of the

bridge on the highway across Locust Creek; that the construction of said ditch was again commenced at a point one hundred and fifty feet north of the center of the bridge and highway by cutting through the north bank of Locust Creek and continued northward from Locust Creek; that there was no change in the old channel of Locust Creek between the two points except that, at a point about forty feet north of the center of the bridge and highway and extending north from said point, certain projections in the east bank of the creek were removed with dynamite, so that the plan of reclamation provided for the use of the channel and stream of Locust Creek between the two points aforesaid. Thus, it affirmatively appears from the stipulated facts that respondent district did not dig or cut any ditch across the highway at this point, which is agreed to be the point where respondent is sought to be required to construct the bridge in question but that at such point the highway only crosses the channel or Locust Creek.

5—Respondents' contentions appear to be well made. Article 1, Chapter 28, Revised Statutes 1919, is a code unto itself. It fixes the rights and liabilities of all with respect to matters involved. It determines jurisdiction. It grants and withholds power and authority, accordingly as it may be provided therein. Whatever provision is not therein expressly made is necessarily excluded. Authority and duty are fixed, determined, and limited thereby. [Drainage District No. 1 v. Daudt, 74 Mo. App. 579; Mississippi & Fox River Drainage District, supra.] While by said article respondent district is empowered to construct, enlarge, and maintain bridges or cause the same to be constructed, enlarged, or maintained where made necessary by its improvements, it nowhere imposes a requirement for a bridge to be built by it, except at a point where it has dug its ditch across the public highway, although it may have left upon the district the requirement under the common law to build and enlarge the bridge in question over Locust Creek, even though at a point upon the highway where it was not cut by the ditch if respondent district had in utilizing the channel of said creek emptied such an increased volume of water therein as to enlarge said channel and cut away its banks at the old bridge site to an extent that the old bridge fell or was rendered unfit or so that a new bridge was required.

It was not by such article intended that the district should be required to build bridges except at points where it disturbed the highway and made bridges necessary; and the bridges required by said article are based upon the consideration that the district having by its act disturbed the highway so that such bridges become necessary should be required to build them. [State ex rel. Chamberlain v. Drainage District, supra; State ex rel. Ashby v. Medicine Creek Drainage District, supra.]

6—It will be noted that the petition herein charges that respondent district did, under its plan of reclamation, dig its ditch and drain

over and through the original channel of Locust Creek immediately under the old bridge where said original channel intersected with such public highway and that the said ditch or drain of the said district ran across the public highway at the same place and in the same channel as did the original channel of Locust Creek and that said ditch and drain constructed by respondent district over said highway enlarged and made said drain and ditch then there wider and deeper. Such allegations, however, are not supported by the evidence in the record. It is not shown by the stipulated facts or otherwise, as hereinbefore set forth, that respondent district dug its ditch and drain over and through the original channel of Locust Creek immediately under the old bridge where said channel intersected the highway; but it is affirmatively shown that it did not do so. Neither is it shown, by such facts in the record or otherwise, that the channel of Locust Creek, as it passed under the old bridge along the highway at the site in question, was enlarged and made wider and deeper by it. The stipulated facts show that, at the time the respondent district cut its ditch into the channel of Locust Creek north of the old bridge in 1922, the west bank of said creek was then cutting to the west; from what cause, it is not shown. Again, in 1928, it had continued to cut to such an extent that it had left the west piling of the bridge a short distance; but it was not shown that this was from a greater volume of water that respondent had emptied into said channel. Whether the soil of the bank was loose and gradually gave way to the elements or what the cause of such washing away was is nowhere shown. That a greater volume of water was turned into the channel than formerly ran through it, prior to the digging of the ditch, does not appear. It appears that, when respondent district renewed the construction of its ditch at the point one hundred and fifty feet north of the center of the old bridge, it utilized an old ditch from such point to the north some distance until it cut into the channel of Locust Creek, that had been and was in use at that time. By whom it was used is not shown. It is stated that this old ditch was enlarged by respondent district; but, to what extent, it does not appear. There is no evidence to show that there was any greater volume of water flowing through the old channel of Locust Creek under the old bridge, after the respondent district's plan of reclamation had been completed than there was before. There is no evidence anywhere to give the idea of the amount of water, whether in great or small volume, that flowed through the channel of Locust Creek at this point, before or after the completion of the district's plan, nor at what speed. The court cannot, therefore, take judicial notice of the action of the waters upon the banks of the channel of old Locust Creek at the site of the old bridge or that of the one proposed. We have no evidence as to the character of the soil, its looseness or compactness, whether such as to wash easily

or otherwise, nor of the volume of the water or the rapidity of the flow that passed through the channel. The court cannot assume as a matter of fact, without any evidence thereon, that the drainage ditch built by respondent was the cause of the melting away of the west bank of Locust Creek and of the destruction of the old bridge. Neither does the fact that an ice gorge came through the ditch or channel of Locust Creek in February, 1929, and cut the east bank of the old channel of the creek at the point where the east end of the bridge rested conclude respondents upon the issue as to whether respondent district by its ditch caused such gorge. For all that appears this same gorge might have resulted from the continued existence of the creek bed and the old ditch leading into it from the north had not respondent district's plan of reclamation been executed. There is no showing that respondent's ditch so changed conditions about and above or below the old bridge that this ice gorge would not have occurred had it not been dug. Relator must recover upon the cause of action alleged in his petition or not at all. This is fundamental. [Cole v. Armour, 154 Mo. 333.]

7—No requirement having been imposed upon respondent district by the statute to build a bridge at its own expense at any other point than where its ditch intersects a public highway, no requirement can be successfully made of it to build one at some point where its ditch does not cut across the highway or at some point where the highway crosses the channel of Locust Creek; and said ditch does not cut, although said channel may be utilized by the district in emptying its waters from its ditches through the same unless in such utilization it pours an increased volume of water therein and thereby causes the enlargement of said channel and the destruction of its banks upon which the old bridge rested so as to render such bridge unfit and to require another bridge in its stead. This, as above noted, is not shown.

8—The mere fact that respondent district utilizes the channel of Locust Creek at the point where it is intersected by Brumbaugh Highway and empties the waters from its ditch therein is not sufficient to charge it with the requirement to bridge it. In order to charge it with such liability, there must be an express statute under the drainage code under which it is organized requiring it or a disturbance of the highway by it at such point to such an extent as to require it. Such is the general trend of authority.

In the case of People ex rel. Speck v. Peeler, 125 N. E. 306, l. c. 309, the Supreme Court of Illinois said, "While a road district may not be required to build bridges over artificial channels cut through its roadway by a drainage district, there can be no question that its duty to build bridges on the highways across watercourses is continuous, even though such watercourses are used by the drainage district as part of its ditch."

The plain inference from such language is that the drainage district, from the mere fact that it utilizes such watercourses, is not required to bridge them but such duty remains' where it was in the first instance, unless otherwise required by law.

It follows from what has been said herein that the judgment of the court below is for the right party. Further points are ably presented in the briefs of both relator and respondents; but, from the conclusions reached, it becomes unnecessary to discuss them. The judgment of the court below is affirmed. *Campbell, C.,* not sitting.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.