STATE ex rel. COUNTY OF ST. LOUIS v. ST. JOHNS-OVERLAND SANITARY SEWER DISTRICT, a Corporation, et al., Appellants.—No. 39150.—185 S. W. (2d) 780.

Division One, February 5, 1945.

Rehearing Denied, March 5, 1945.

*Robert F. Stanton* for appellants.

976

*Erwin F. Vetter,* Counselor of St. Louis County, for respondent.

CLARK, P. J.—In the circuit court the relator, hereafter called the County, was awarded a decree of mandamus against respondent, hereafter called the District, and the District has appealed.

All statutes hereafter mentioned, unless otherwise designated, are sections of Revised Statutes of Missouri 1939, and the same numbered sections of Missouri Revised Statutes Annotated.

The District was incorporated under the provisions of Sections 12639-12681, inclusive, known as the sewer law. On October 5, 1938, the District made application to the county court of St. Louis County for a permit to construct sewers under and through certain roads and streets and agreed to repair and restore the highways at the expense of the District. On December 29, 1938, the county court granted the permit, provided the District "will agree to save the County harmless from any damages for which it may be liable at law to roads, bridges or other structures of the County caused by the construction of said sewers."

The District constructed its sewers and with the assistance of W.P.A. labor repaired some of the roads damaged by such construction. The W. P. A. ceased to help, the District was unable to procure a further federal grant and some roads were left unrepaired.

On August 27, 1943, the county court entered an order which, after certain recitals, required the District within three days to enter into bond to restore the streets, or in lieu thereof to deposit $70,000.00 for that purpose, all as provided by Sections 8647-8654, inclusive. Upon the refusal of the District to comply with this order, the County brought the instant suit. After a trial the court entered a decree of peremptory mandamus requiring the District: (1) To file with the county clerk a ▮▮▮ bond or deposit $70,000.00 to secure the repair of the roads, (2) to certify to the county court for tax levy a sum sufficient to make the repairs, (3) to make the necessary repairs. A time was specified within which to perform each of these requirements.

Sections 8647-8654 pertain to the requirements and procedure in relation to making excavations in roads in counties having a population of 100,000 or more. At the last census St. Louis County had a population of about 275,000, but the District says that Sections 8647-8654 do not apply to it because the statutes under which it was organized, Sections 12639-12681, constitute a complete code and do not require the District to procure a permit to excavate in public roads or to repair roads damaged by such excavations.

▮▮ The District calls our attention to 12658 of the sewer law, the pertinent portion of which authorizes a sewer district "to construct any and all said works and improvements across, through or over any public highway, railroad, right-of-way or easement in the district; to remove any fence, building or other improvement in the district, and shall have the right to hold, control and acquire by donation or purchase, and if need be shall have full power to condemn any and all rights of property, either public or private, of every kind or character necessary for the purpose aforesaid, and in so doing,

shall follow the procedure that is now provided by law for the appropriation of land or other property taken for telegraph, telephone or railroad rights-of-way.'' The District says that this section authorizes it to make excavations in public roads without permission from the county court and that the District is under no legal duty to restore such roads; also that almost identical provisions are contained in the laws governing drainage districts and levee districts, and that this court has held that a drainage district is not compelled to construct a bridge made necessary by the construction of its ditch, citing State ex rel. v. Little River Dr. Dist., 269 Mo. 444, 190 S. W. 897, and State ex rel. v. Chariton Dr. Dist., 252 Mo. 345, 158 S. W. 633.

The opinions in those cases were not based upon a statute similar to Section 12658, but upon what is now Section 12354 which provided, in substance, that if the drainage ditch made a bridge necessary "over a public highway or right-of-way of any corporation" the same should be constructed at the cost of the corporation. The two cases mentioned construed the term "corporation" as used in that statute prior to its amendment to include a county. Later the section was amended by adding a proviso reading: "the word corporation as used in this section shall not apply to the state or any political or civil subdivision thereof," and since that amendment we have uniformly held that bridges over drainage ditches must be built by the districts and not by the counties. [State ex rel. v. Medicine Creek Dr. Dist., 284 Mo. 636, 224 S. W. 343.]

The sewer law under which the District here is incorporated contains no section similar to Section 12354 which, before its amendment, induced this court to relieve drainage districts from repairing roads damaged by them. The drainage law does contain a section virtually identical with Section 12658 of the sewer law, yet we have never held that such section relieves a drainage district from repairing roads damaged by its ditches.

The District cites State ex rel. v. Locust Creek Dr. Dist., 228 Mo. App. 434, 67 S. W. (2d) 840. That case is not in point. There a highway bridge over a natural stream was washed out. The drainage district had emptied its ditch into the stream above the bridge, but there was insufficient proof that such fact caused the damage to the bridge.

A careful reading of Section 12658 convinces us that, while it gives the District the right to construct its sewers through or over public highways, it gives only the same kind of power to construct its sewers through public property as through private property. That is, it can build through public highways, railroad rights-of-way or private property, tear down fences or buildings, but, so far as this section is concerned, it can do none of these things to either public or private property unless it first acquires an easement by agreement or condemnation.

We find nothing in the sewer law which relieves the District from repairing the roads it has damaged. In the absence of a statute giving such relief, the common law would make the District liable. [State ex rel. v. Medicine Creek Dist., 284 Mo. 636, 224 S. W. 343; State ex rel. v. Locust Creek Dist., 228 Mo. App. 434, 67 S. W. (2d) 840.]

■ ■ Do Sections 8647-8654, authorizing the county court to require a bond or deposit of money in lieu thereof to secure the repair of roads, apply to the District? Those sections apply to "any person, firm, association, or corporation," who shall excavate in public roads. The sewer law, Section 12642, declares the District to be "a body corporate and political subdivision of the state" and "shall possess the powers of like or similar public corporations," etc.

The District is a public corporation. In State ex rel. v. Drainage District, 252 Mo. 345, 158 S. W. 633, we held that a county is a "corporation." The general assembly amended the statute there considered so that a county would not be considered a "corporation," but the amendment expressly applies to that particular section only and does not affect our construction so far as other statutes are concerned. [State ex rel. v. Dr. Dist., 284 Mo. 1. c. 651, 2, 3.] In Lockhart v. Kansas City, 351 Mo. 1218, 175 S. W. (2d) 814, we held that a city comes within the term "corporation" as to the operation of a light plant by it. The sewer law declares the District to be a "political subdivision," but it does not have the same power over streets and roads that cities or counties have. Cities and counties are by statute given governmental supervision over highways with power to locate, establish, construct, repair and vacate.

We hold that Sections 8647-8654, requiring "any person, firm, association, or corporation," to procure a permit and give security before excavating in public roads apply to public corporations such as the District. Evidently the District formerly took the same position for it actually applied for and procured a permit and *agreed* to repair the roads.

■ Under Section 12658 and also under Sections 8647-8654 the District has the legal right to construct its sewers through public highways, but in either case the right is a conditional one. Under Section 12658, if voluntary consent cannot be obtained from the county court, the right may be enforced by condemnation and the payment of damages. Under Sections 8647-8654 the right is conditioned upon the giving of security by bond or cash deposit to restore the roads, the amount necessary for such restoration being the measure of damages. [See discussion in State ex rel. v. Dr. Dist., 284 Mo..1. c. 652, 3.] The county court did not require the District to give security under Sections 8647-8654, before the damage was caused to the roads, nor did it require the assessment and payment of compensation under Section 12658, before the District took possession and constructed its sewers through the roads. On the contrary,

it permitted the District to damage the roads on the District's unsecured agreement that it would restore them. So, while the liability of the District still remains, the question arises as to how that liability can be enforced. In mandamus only the relief prayed for will be granted, [School Dist. v. Lauderbaugh, 80 Mo. 190] and, of course, we cannot compel performance of an illegal or impossible act.

We assume that the District has not the money on hand to make the required deposit and, unless it has the legal right to raise the money by taxation, it could not give the required bond.

██ The District contends that it has no statutory power to provide a tax levy to repair the roads. The sewer law, after providing for the incorporation of the District and the adoption of a plan, contains the following provisions: Section 12643, a bond issue "not greater than the estimate of the cost of constructing the system" shall be submitted to a vote; Section 12645, if the bond issue receive a two-thirds vote the trustees shall provide a tax levy to pay interest and principal; Sections 12647 and 12649 provide that neither the trustees nor the county court shall levy any taxes until the same shall have been authorized by a vote. We understand that prohibition to apply only to the levy of tax to pay for *constructing* the sewers and that the trustees may provide a tax for running expense and *maintenance* without a vote.

We find no provision in the sewer law authorizing a tax levy [other than for maintenance and running expenses] until the same has been approved by the voters. From the answer of the District filed in the circuit court it appears that a bond issue was approved by the voters when the District was organized. That issue should have been in an amount sufficient to pay all damages to roads caused by construction of sewers, that being a part of the construction cost. If any of the proceeds of that issue remain on hand, or if all the authorized bonds have not been issued, the District is able, at least in part, to comply with ██ that part of the decree requiring it to repair the roads.

So, we have this situation. The District has, by agreement, laid its sewers in the public roads and is indebted to the County for the damages caused thereby. The County cannot compel the removal of the sewers, but the District cannot, without permission of the county court, excavate in the roads to repair and maintain the sewers. In an appropriate action the County could obtain a judgment and compel the issuance of a warrant for the damages already caused, [Section 12678] but it cannot compel the District to repair the roads unless it has available assets to do so.

The decree is reversed and the cause remanded with directions for the court to determine the facts as to how much, if any, of the decree as prayed for is enforceable and to amend the decree accordingly. If no part of the decree is possible of enforcement, then the proceedings shall be dismissed. All concur.