STATE of Missouri ex rel. Ricky
SUMMERS, Relator-Appellant,

v.

John F. PLETZ, Acting Director of Division of Family Services succeeded by John Zumwalt, Director of Division of Family Services, Respondent-Respondent.

No. WD 31761.

Missouri Court of Appeals,
Western District.

March 30, 1981.

William L. Hall and James M. Smith, Legal Aid of Western Missouri, Kansas City, for relator-appellant.

Paul T. Keller, Dept. of Social Services, Jefferson City, for respondent-respondent.

Before DIXON, P. J., and KENNEDY and NUGENT, JJ.

DIXON, Judge.

This appeal by the relator is from the denial of a petition in mandamus. The mandamus was sought to compel the Director of the Missouri Division of Family Services to certify an administrative hearing record to the circuit court pursuant to an appeal from the denial of medical assistance benefits.

Relator filed an application for medical assistance benefits before February of 1978, with the Missouri Division of Family Services. He was determined ineligible on February 6, 1978, and he appealed this decision. On March 13, 1978, relator's mother appeared on his behalf at the appeal hearing. The relator did not appear, nor was he represented by a lawyer.

The decision denying his application was mailed to him by the Division on April 7, 1978. Relator learned of his right to judicial review of this decision from his doctor, after the 90 day statutory appeal limitation had passed.

Relator attempted to appeal to the circuit court by filing an affidavit and notice of appeal with the director under § 208.100

RSMo 1978. The Director of Family Services refused to certify the record to the circuit court. Relator sought mandamus to compel the certification of the record. Mandamus was denied, after hearing, on the ground that the director was unable to comply with the writ because of the delay in filing the affidavit of appeal. (The taped record of the hearing testimony was destroyed about September 1, 148 days after the decision was mailed to relator, thus 58 days after the time for appeal had lapsed and prior to the filing of the action in mandamus. However, the tape was not destroyed until about ten days after the affidavit of appeal was filed on August 22.) It is not clear from the record of the hearing on the mandamus action whether or not the documentary file, compiled before the hearing officer, had been destroyed.

As too frequently occurs, the parties have asserted different positions on appeal from those asserted at the trial level, and the resultant difficulty of analysis makes a relatively simple issue complex.

The director's position before the circuit court in the mandamus action is simply stated—no duty to certify the record to the circuit court ever arose, because the statutory condition precedent to certifying the record (the filing of the affidavit of appeal within ninety days of the adverse decision), never occurred.

In the face of this contention, the relator asserted that no written notice of the right to appeal was ever given; and, therefore, the delay in filing was excused. That no written notice was given is conceded by the director, but he denies it is necessary.

The trial court, confronted with these contentions and the fact of the destruction of the tape of the evidence, denied the mandamus on the ground of impossibility of compliance. The director now espouses that position on appeal. While relator has extensively briefed and argued the notice question, respondent relies solely on the finding of impossibility of certification.

All of this ignores the fundamental issue of the role of the director in the appellate process. Although presented with this issue, the trial court likewise failed to resolve the question.

Under § 208.100 RSMo Supp. 1980, once relator was aggrieved by the decision of the director, he had the right to appeal to the circuit court. The statutory language requires relator to obtain an affidavit of appeal and to file it within ninety days of the adverse decision. Once the affidavit is filed within ninety days, the director is required to certify the entire record to the circuit court.

What occurred in this case is that the director determined the jurisdiction of the circuit court to entertain the appeal by assuming that, if no notice was filed within ninety days, no duty arose to file anything in the circuit court.

The director was in error in so deciding. It is settled principle that a reviewing court determines its own jurisdiction. A case bearing squarely on that issue is *State ex rel. House v. White*, 429 S.W.2d 277 (Mo. App. 1968). In *White*, respondent, a municipal court judge, refused to allow relator to file his affidavit of appeal from a guilty plea on the grounds that relator had no right to appeal from a judgment of the municipal court entered on a plea of guilty, since the ordinance governing appeals only authorized appeals to a defendant "who . . . entered a plea of not guilty." *Id.* at 280. Relator's petition for a writ of mandamus which sought an order to compel the municipal judge to approve the appeal was denied, but this denial was reversed on appeal.

In holding that mandamus was the proper remedy available to relator, the court spoke on the function of the municipal judge in passing on the validity of the affidavit of appeal:

[T]his matter is one which is not for the decision of the municipal court. In the first place, the ordinances do not give any authority to a municipal judge to deny or in any way impede an appeal when a proper affidavit of appeal has been filed. Furthermore, it is fundamental that the question of the efficacy of the affidavit

of appeal and of the right of the appellant to appeal from the judgment or order entered by the court below is to be decided by the court to which the appeal is taken and not by the court from which it is taken. Thus, the question of whether or not petitioner in the case at bar had a right to appeal from the judgment entered on his plea of guilty is one to be decided by the circuit court on the appeal. The municipal court has no function in determining this question. The processing of the notice of appeal is a mere ministerial duty and no discretion concerning such appeal is vested in the municipal court or any judge thereof. In this instance, the respondent judge was acting entirely without authority and was interloping into a matter beyond his jurisdiction. He had no right to interfere in any manner with petitioner's appeal except only to accept the filing of the affidavit of appeal and approve the appeal bond in an appropriate case.

. . . .

Therefore, petitioner had an absolute right to appeal therefrom which right was denied to him by the respondent judge in municipal court. As to this facet of the case, petitioner has brought himself squarely within the requirements for a writ of mandamus as those requirements are summarized in respondent's brief that 'he has an existing, clear, unequivocal, specific legal right' to appeal and there is 'a corresponding present, imperative, unconditional duty on the part of the defendant' municipal judge.

*Id.* at 280–81.

The analogy to the current case is clear. The director is not the official vested with the powers to determine whether relator's affidavit of appeal was timely filed, that is a matter for the circuit court to consider on appeal. "The determination of questions of law is reserved to the courts, and such matters may not be decided by an administrative board." *State ex rel. Keystone Laundry and Dry Cleaners, Inc. v. McDonnell,* 426 S.W.2d 11 (Mo.1968). The director's certification is merely a ministerial, non-discretionary act which may be ordered through mandamus. *Yefremnko v. Lauf,* 450 S.W.2d 462 (Mo.App. 1970).

■ This leaves for disposition the trial court's finding that the record had been destroyed and, therefore, an order compelling the certification. could not issue. This conclusion is based on the well-established principle that mandamus will not lie to compel an impossible act. *State ex rel. St. Louis County v. St. Johns-Overland Sanitary Sewer District,* 353 Mo. 974, 185 S.W.2d 780 (1945).

■ It is, of course, now impossible for the director to file the "entire record" as the statute requires. That, however, does not preclude his filing *any* record. There is some evidence in the record that a portion of the documentary file is intact. At least the claim and its denial are still existent. To say that the inability of the director to file a complete or entire record forecloses appeal is demonstrably in error. The tape of the evidentiary hearing could be destroyed in any case by negligence or misadventure. Such a fact cannot foreclose an appeal.

■ The basic and essential issue inherent in this case is the timeliness of the relator's appeal. Whether or not proper notice was given to relator of his right to appeal an adverse decision remains viable, as it is not resolved here. The function of mandamus is to enforce, not to establish, a claim or right; the office of the writ is to execute, not to adjudicate. *State ex rel. Kiely v. Schmidli,* 583 S.W.2d 236 (Mo.App. 1979). The circuit court in the exercise of its appellate jurisdiction must determine that issue.

If the circuit court determines that relator's delay in appealing was justified by a lack of notice of· the right to appeal, the issue of the inability to resolve the appeal on the merits is no obstacle. In *Watson v. Director, Missouri State Division of Family Services,* 565 S.W.2d 190 (Mo.App. 1978), the circuit court remanded the case to the director for a further development of the evidence, since the evidence on a crucial

issue was practically non-existent. § 208.-100(5) RSMo Supp. 1980. That case would be controlling if the affidavit of appeal is deemed to have been timely filed.

The contentions of the parties as to the construction of the statutes and the application of 42 C.F.R. 205.10(7) 1980 are not here addressed. Those contentions are matters affecting relator's right to appeal which have not been ruled upon by the circuit court. Absent such a ruling, they are not before this court on appeal.

The circuit court order denying mandamus is reversed and the cause remanded with directions to the circuit court to issue mandamus ordering the director to certify any available record to the circuit court. When that has been done, the parties may then properly raise and determine the issue of the timeliness of the appeal.

All concur.