685 S.W.2d 913 (1984)
ST. LOUIS POLICE OFFICERS' ASSOCIATION, a not for profit corporation, Donald Schnable, Paul Rea and James Conner, Appellants,
v.
Homer E. SAYAD, Charles Valier, Thomas W. Purcell, Robert F. Wintersmith, comprising the membership of the Board of Police, St. Louis Metropolitan Police Department, Respondents.
No. 48258.
Missouri Court of Appeals, Eastern District, Division Four.
December 26, 1984.
Motion for Rehearing and/or Transfer Denied February 13, 1985.
*915 C. John Pleban, St. Louis, for appellants.
F. William McCalpin, St. Louis, for respondents.
Motion for Rehearing and/or Transfer to Supreme Court Denied February 13, 1985.
SMITH, Presiding Judge.
Appellants, the St. Louis Police Officers' Association and three individual police officers, appeal from the trial court's refusal to issue a peremptory writ of mandamus against the Board of Police Commissioners of the City of St. Louis. The St. Louis Police Officers' Association is a voluntary not-for-profit association whose membership includes a majority of the police officers employed by the Board. We affirm in part and reverse in part. Most of the pertinent facts are contained in a stipulation of the parties or are documentary in nature.
There exists within the police department a procedure for investigation of complaints made against police officers. In 1974 the then existing Board provided for a procedure for investigation of complaints made by citizens against officers, including certain appeal rights by citizens to the Board itself. One of the new rules enacted at that time was Rule 7.013. It provided:
"7.013 Classification-Complaint Investigation ReportsEach forwarded complaint investigative report shall specify the allegation(s) which are to be classified in one of the following four categories:
(a) Unfounded. The complaint was not based on facts, as shown by the investigation, or the incident complained of did not occur.
(b) Exonerated. The action complained of did occur, but the investigation disclosed that the actions were reasonable, lawful and proper.
(c) Not sustained. Insufficient evidence available to either prove or disprove the allegations in the complaint.
(d) Sustained. Investigation disclosed sufficient evidence to support the allegations in the complaint.
In any instance when a complaint is finally disposed of as `Unfounded,' or `Exonerated,' all records pertaining to the complaint and its disposition shall be expunged."
These categories pre-existed the rules change but no expungement was authorized.
The minutes of the Board meeting at which the new procedures were passed, including Rule 7.013, stated:
"Colonel McNeal directed the Board's attention to the new draft on the citizen complaint procedures. Following the discussion of this new draft, Mayor Poelker moved that the citizen complaint procedures be approved and adopted by the Board to take effect on October 1, 1974 and that incidents occurring and filed on and after that date would be covered by the new procedures. Incidents occurring prior to October 1, 1974 will be covered by the present procedures. Colonel Walsh seconded the motion, which was unanimously approved."
*916 In 1977 the Board amended Rule 7.013 to add a category of "Complaint Withdrawn" which category was added to those covered by the expungement provision.
Commencing on October 1, 1974 the Department began expunging from departmental records complaints and investigations thereof occurring on or after that date found to be "Unfounded" or "Exonerated." It did the same for "Complaint Withdrawn" dispositions occurring on or after the effective date of the 1977 amendment. No expungement was made from departmental records of complaints in any of the three categories which were disposed of prior to the effective date of the rules. As a result the records of officers having complaint dispositions in any of the three categories for which expungement is now provided still show such complaint dispositions occurring before the effective date of the rules. These records are utilized by the Board in assessing punishment for complaints "sustained" and in determining promotions.
The three individual plaintiffs are all long-time police officers and each has one or more of the now expunged complaint categories reflected in his service record for complaints pre-dating the 1974 and 1977 rules. These plaintiffs and the Association sought mandamus to compel the Board to expunge from all department records complaint dispositions of "unfounded" "exonerated" and "withdrawn" which pre-date the rules changes. They also sought to have all complaint dispositions in the "not sustained" category expunged on due process grounds.
The plaintiffs challenge the trial court's finding that the Association lacked standing to bring this action. The Board has not addressed this issue in its brief. The practice challenged directly affects many members of the Association and if the failure of the Board to expunge is illegal it is a practice which the individual members could properly challenge as it affects their discipline and promotion. The interests which the Association seeks to protect are germane to the organization's purpose. Neither the relief requested nor the claim asserted requires the participation of individual members in the lawsuit. In this case the Association meets all the requirements of associational standing. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 344, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977) [2]; Ferguson Police Officers' Association v. City of Ferguson, 670 S.W.2d 921 (Mo.App. 1984) [1]; Pippin v. City of Springfield, 596 S.W.2d 770 (Mo.App.1980) [8]. The case is distinguishable from St. Louis Police Officers' Association v. McNeal, 585 S.W.2d 70 (Mo.App.1979) where the court held no actual controversy in fact existed meaning any decree would be advisory only. Here the relief sought would compel the Board to expunge the records of all the officers in the department affected by the practice challenged. Such a decree is in no sense advisory. The trial court erred in dismissing the Association from the proceeding.
We next turn to the availability of mandamus to obtain the relief sought. "The function of a writ of mandamus is to enforce, not establish, a claim or right and its purpose is to execute, not adjudicate ... The general rule is that a court will issue a writ of mandamus only where it is shown that one requesting the writ has a clear and unequivocal right to the relief requested and a corresponding present, imperative, unconditional duty imposed on the respondent which the respondent has breached." Naugher v. Mallory, 631 S.W.2d 370 (Mo. App.1982) [2-5]; State ex rel. Summers v. Platz, 614 S.W.2d 559 (Mo.App.1981) [5]; Leamon v. City of Independence, 625 S.W.2d 204 (Mo.App.1981) [2, 3]. To the extent that plaintiffs seek through the writ to establish their right to relief based upon due process or equal protection grounds they are attempting to use the writ to adjudicate not execute, to establish not enforce. *917 They are not entitled to utilize the writ for that purpose. The contentions regarding the "not sustained" category of investigation reports are based solely upon such grounds. There is no contention that any rule or statute exists which requires the expungement of those records. The trial court correctly denied the writ as to the "not sustained" category.
For the same reasons we need not review plaintiffs' arguments that expungement of the other three categories is required on constitutional grounds. We need deal only with the question of whether under the rule of the Board the department is required to expunge the three categories of complaints set forth in 7.013. If it is, then mandamus is proper to compel such action. That question becomes essentially one of whether Rule 7.013 is prospective only in application. Generally statutory enactments are deemed to operate prospectively because the Missouri Constitution forbids the enactment of a retrospective law which impairs a vested right. Mo. Const. Art. I, Sec. 13. However a procedural statute operates retrospectively unless a contrary intent appears from the terms of the enactment. State v. White, 622 S.W.2d 939 (Mo. banc 1981) [15, 16], cert. den. 456 U.S. 963, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982); State ex rel. Research Medical Center v. Peters, 631 S.W.2d 938 (Mo.App.1982) [2-6]; State ex rel. Lawyers Title Insurance Corporation v. Elrod, 636 S.W.2d 396 (Mo.App.1982) [2]. We believe the same doctrines should apply to administrative rules. The minutes of the Board meeting in 1974 state that incidents occurring after October 1, 1974 would be covered by the new procedures. Utilizing an argument that "procedures" includes the expungement provisions the Board contends that it was the intent of the Board that all of the Rules would be prospectively applicable.
However, the procedures referred to at the Board meeting dealt with "citizen complaints." They provided a procedure for dealing with such complaints not previously authorized by the Board, including a right of appeal by the complainant to the Board. The classification provisions and the expungement provision were not limited to citizen complaints but applied equally to complaints generated internally. The statement of Mayor Poelker related to the procedures to be followed for incidents occurring after the effective date of the rules. Such an application of the citizen complaint procedures was necessary to prevent reopening of old complaints already investigated and disposed of. We are not convinced therefore that the minutes clearly evidence an intention that the classification provisions (previously in existence) and the expungement provision were intended to be limited to new complaints. Rule 7.013 was clearly a procedural rule. It does not itself contain language evidencing an intention of prospective application only as it relates to expungement.
The Board has not advanced at any stage of these proceedings a reason why the rule should apply to new complaints but not old ones. The application of the rule clearly impacts upon older veteran police officers and has no impact on officers with ten years or less service. The Board does utilize this information in determining discipline and promotions. Board members testified that the "patterns" indicated by the complaint information were considered by them. Why such information or patterns more than 10 years old are useful and more recent information or patterns are not has never been explained. It is clear that the rule as interpreted by the Board places officers into two discrete classes those with long tenure in the department and those with short tenure. The classes receive different treatment based solely on longevity with the department. Even utilizing the "rational-relation-to-some-legitimate-state-interest" test for equal protection it is apparent that the disparate treatment has questionable constitutional validity. State Board of Registration for the *918 Healing Acts v. Giffen, 651 S.W.2d 475 (Mo. banc 1983) [2]; Labor's Educational and Political Club-Independent v. Danforth, 561 S.W.2d 339 (Mo. banc 1977) [15]. In interpreting a statute or a rule, courts should, if possible, utilize a construction which will avoid invalidity. City of Kirkwood v. Allen, 399 S.W.2d 30 (Mo. banc 1966) [6-9].
It is reasonable to conclude that the purpose of the Board in providing for expungement was to preclude usage of unfounded or unjustified complaints against officers in matters of discipline and promotion. That purpose is served by expungement of all such records and is not served by partial expungement resulting in disparate treatment of similarly situated officers. Courts favor a construction which avoids unjust or unreasonable results and gives effect to the legislative intent. State v. Burnau, 642 S.W.2d 621 (Mo. banc 1982) [4-6]; Maryland Casualty Company v. General Electric Company, 418 S.W.2d 115 (Mo. banc 1967) [2-3]. We therefore conclude that Rule 7.013 applies equally to those complaints arising before and after the effective date of the Rule. The trial court should have made the writ peremptory as to those complaint investigation reports finding the complaint "unfounded," "exonerated" and "withdrawn" occurring prior to the effective date of Rule 7.013 and its amendment.
The judgment of the trial court dismissing the St. Louis Police Officers' Association is reversed. The judgment of the trial court denying a peremptory writ of mandamus against defendants to require them to expunge records of complaints finally disposed of as "Unfounded," "Exonerated" and "Complaint Withdrawn" is reversed. In all other respects the judgment is affirmed. Cause remanded for further proceedings in accord with this opinion.
SNYDER and SATZ, JJ., concur.