KANSAS CITY, Missouri, Respondent,

v.

Billy G. ASBY, Appellant.

No. 23932.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Dwight Beals, Kansas City, for appellant.

George C. Denney, Asst. City Counselor, Kansas City, for respondent.

CROSS, Judge.

On March 20, 1963, the recital of a judgment was entered by the Municipal Court of Kansas City, Missouri, purportedly convicting appellant Billy G. Asby of violating a traffic ordinance of that city. Upon appeal to the circuit court a trial to that court without a jury also resulted in what purports to be a judgment of conviction. Asby now appeals to this court.

The respondent city initiated this proceeding on the complaint of a police officer. The form used by the officer in preparing his complaint is entitled "Missouri Uniform Traffic Ticket" and is in conformity with form No. 37.1162 which the Supreme Court has promulgated for suggested use in municipal and traffic court cases. This form has a space for use by an officer in making a complaint against an alleged traffic offender, containing the

printed words, "Above complaint is true as I verily believe", followed by a blank line for the officer's signature. The form contains an additional space to be used by the city counselor or his assistant in preparing an information, containing the words "On information undersigned prosecutor complains and informs court that above facts are true as he verily believes", followed by a blank line for signature by the city counselor or his assistant. The traffic ticket in this case bears the signature of the police officer in the space for attesting the truth of a complaint. There is no signature by the city counselor or his assistant in the space provided for execution of an information. As a consequence, the traffic ticket which was executed as a complaint and filed in municipal court does not amount to an "information" as that term is understood under general law and contemplated by the ordinances of Kansas City.

Appellant's brief contains a single point in which he complains that "the information (complaint) does not state facts sufficient to constitute an offense and as such would support a judgment of guilty". Concerning this assignment we first note that appellant's reference to the officer's complaint as an "information" is incorrect. We next observe that there will be no necessity for considering or determining the specific question raised by appellant. Our decision will rest upon a plain and fundamental error disclosed by examination of the record, to-wit, that the entire proceeding presently reviewed is invalid and without effect, for reasons to appear.

■ As a general rule, an action for violation of a city ordinance must be commenced and conducted in the manner prescribed by the city's organic law and validly enacted ordinances. It is stated in McQuillin's "Municipal Corporations", Vol. 9, Section 27.08, page 567, that: "The mode of beginning the proceedings, whether by summons, warrant, arrest, affidavit, or complaint or information, verified by a named officer or a private citizen, of course, is to be directed by the applicable local law".

Further, it is provided by Rule 37.46 of the Missouri Rules of Practice and Procedure in Municipal and Traffic Courts, V.A.M.R., in part, as follows: "In Traffic Cases, the complaint or information and summons shall be in the form, known as the 'Uniform Traffic Ticket' substantially the same as set out in Rule 37.1162, *such form to be used as is applicable and in accord with the law of the particular jurisdiction*". (Emphasis supplied.)

In prescribing the duties of the city counselor it is provided by Section 35 of Article V of the Administrative Code of Kansas City, same being Ordinance No. 21,000, that "The city counselor or an assistant city counselor shall prepare all charges and complaints against parties for violations of city ordinances, and shall appear daily before the municipal court to prosecute all offenders against the laws and ordinances of this city".

■ Section 35.100 of the city's revised ordinances prescribes the procedure to be followed in cases before the municipal court, as follows: "All cases triable before the court shall be proceeded with in the same manner as trials for misdemeanors before justices of the peace, magistrates or their legal successors, except where otherwise specifically provided in this chapter or by ordinance". We interpret this ordinance to mean that the *procedure* in cases triable before the municipal court shall be the same as the law has prescribed for trials of misdemeanor cases before the named judicial officers.

Section 543.020 V.A.M.S. requires that "Prosecutions before magistrates for misdemeanors shall be by information * * *". Section 543.030 V.A.M.S. directs that "All such informations shall be made by the prosecuting attorney * * * and shall be filed * * * before the party or parties accused shall be put upon their trial * * *". It has been held by this court that a prosecution for misdemeanor is not commenced by the filing of a complaint, but begins only upon the filing of an in-

formation by the prosecuting attorney. City of Pilot Grove v. McCormick, 56 Mo. App. 530.

Therefore, we conclude that the clear effect of Section 35.100 of the city's ordinances, when read in connection with the quoted statutory provisions, is, in paraphrase, to provide that prosecutions for ordinance violations must be commenced by the filing of an information made (signed) by the public prosecuting officer, to-wit, the city counselor or his assistant. We find no provision in the charter or ordinances of the city authorizing the commencement of such actions by filing the complaint of a peace officer or a private citizen.

We rule that no judicial proceedings were commenced by the filing of the officer's complaint against appellant. Consequently, the matters presented for our review are acts done in a court which had no jurisdiction over appellant's person or of any intended cause of action. Those proceedings, inclusive of the alleged judgment of conviction, are null and void and without legal effect. See 42 C.J.S. Indictments and Informations § 1, p. 833.

This decision is not without precedent. In the case of City of Kansas v. O'Connor, 36 Mo.App. 594, decided in 1889, this court considered the identical question we have presently determined and reached the same conclusions we have expressed. In that early case, Judge Smith of this court said:

> "We think the construction which we have placed upon the provisions of said section 893, of the ordinances of said city, has the sanction of a wise public policy.

> "It seems to us, in a case of this kind where the penalty may be a fine of five hundred dollars, if there is a doubt entertained as to whether the prosecution should be upon the bare oath of 'any person,' or upon the information of the law officer of the municipality acting upon his official responsibility, it should be solved in favor of the latter course of procedure.

"As was said by Mr. Commissioner Phillips in State v. Kelm already cited: 'If reasons were necessary to justify the conclusions reached in this opinion, they are numerous why no such right should be intrusted to a private citizen to inaugurate a proceeding like this upon his own affidavit.

" 'The injustice and abuse of such process left at the caprice, spite, or malice of one not under the sanction of official duty, is apparent.' "

The judgment of the circuit court is reversed and the proceeding is dismissed.

All concur.