The CITY OF ELVINS, (Plaintiff) Respondent,

v.

Oran DE PRIEST, (Defendant) Appellant.

Nos. 31687, 31776.

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1965.

Roy W. McGhee, Jr., Piedmont, for appellant.

E. L. McClintock, Jr., Flat River, for respondent.

L. F. COTTEY, Special Judge.

The City of Elvins has an ordinance levying an annual tax on locally owned motor vehicles, the payment of which is to be evidenced by a sticker which "must be displayed on the lower right hand side of the windshield, as near the lower right hand corner as possible." Whoever shall fail to comply with the provisions of the ordinance "shall be deemed guilty of a misdemeanor, and upon conviction shall be fined." Appellant paid the prescribed tax, obtained the sticker

and attached it to the windshield of his car, but admittedly not "as near the lower right hand corner as possible." For that infraction he was arrested and fined in city court. He appealed to the circuit court, was again convicted and fined $1.00 and again appeals.

The decisive question in the case is whether the prosecution was initiated and conducted in substantial compliance with the Rules of the Supreme Court regulating the procedure to be followed in municipal courts in cases of this kind. V.A.M.R., 37.-01 et seq. These facts frame the issue: The city marshal, upon discovery of appellant's dereliction, issued to him one copy, and filed with the police judge a duplicate, of a partly printed, partly handwritten "ticket" in the following form, the handwritten portions being italicized:

### NOTIFICATION OF TRAFFIC VIOLATION

You Must Report To

The Police Judge

No. 352

Date *3-17-62*

Time *9-A M*          Elvins, Mo., *March 3-16, 1962*

State License Number *AS-4660*

Name          *Orren DE-Preast*
Address       *Elvins Mo*
Location      *Frount St.*
Time          *2 30 P M*

### YOU ARE CHARGED WITH

*not Displaying City Licens one are in corriect Place on winshield of his car* You will report to the office of the Police Judge at City Hall, Elvins, on this date and at the time shown above or a Warrant of Arrest will be issued.

This notice is given to you in lieu of immediate issuance and service of warrant for arrest and for your convenience. Please cooperate in the enforcement of these safety measures. No officer or any individual can take care of this ticket for you. You must attend to it yourself.

Officer   *Henry Harris, City Marshal.*

---

When appellant failed to appear in response to that notice, the police judge summarily issued a warrant for his arrest and his trial ensued without further formality.

Pointing to the fact that no complaint or information was ever filed in the case, appellant insists that his conviction in the city court was a nullity, violative of Rules 37.06, 37.07, 37.08 and 37.18, and that his motion to dismiss the prosecution in the court below should, consequently, have been sustained. Respondent concedes the omission but argues, in the language of Rule 37.28, that in this case it "does not tend to the prejudice of the substantial rights of the defendant upon the merits" because the notice, as supplemented by the recitations of the warrant itself, adequately informed appellant of the nature of the charge against him; hence, that no actual prejudice could have resulted, citing City of St. Louis v. Page, Mo.App., 259 S.W.2d 98.

We may dispose of the authority on which that proposition rests by observ-

ing that it turned on a special provision of the Code of the City of St. Louis which finds no counterpart in the record before us, and was decided some seven years before the effective date of the Rules· which were designed to supplant local regulations on the subject. Whatever independent merit the proposition may have must be found in the light of the settled principle that "a prosecution for violation of a municipal ordinance is a civil proceeding with quasi-criminal aspects," Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 608; and among those "aspects" is the requirement of "a written accusation of crime preferred by a public prosecuting officer," State v. Noell, 220 Mo.App. 883, 295 S.W. 529, 530. In criminal cases the prosecutor's formal charge is the indispensable basis of the court's jurisdiction; without it "[t]here can be no trial, conviction, or punishment." 42 C.J.S. Indictments and Informations § 1, p. 833. We find nothing in the Rules to indicate that the framers intended to abrogate that requirement in municipal court cases. On the contrary, the Rules seem to have been devised with an eye alike to the traditional rights of the accused and the orderly administration of justice; and the requirement of a formal, official charge is essential to both. Its dual purpose is to inform the accused "of the essential facts constituting the offense charged," Rule 37.18, and at the same time protect the courts from the harassment of trials which offer no reasonable prospect "that a case against the accused can be made," Rule 37.08. Accordingly, the plan contemplates that where the prosecution originates upon the complaint of a private person, it shall proceed no further until the prosecutor, either with or without the preliminary investigation which Rules 37.07 and 37.08 encourage him to make, has satisfied himself that the accusation is not the product of misinformation or malice, and that a trial will not be a mere exercise in futility at public expense.

■ We conclude, therefore, that there can be no substitute for the prosecutor's "plain, concise and definite written statement of the essential facts constituting the offense charged," Rule 37.18; that such a statement is just as indispensable in municipal prosecutions as it is in criminal cases, and for the same reasons; and that without it, as the Noell case says, supra, l. c. 530, "[n]o system of jurisprudence could afford a fair trial." It would serve no useful purpose to list the half score of obvious reasons why the marshal's notice in this case, even as aided by the somewhat improved syntax of the warrant itself, cannot qualify as an exception to the rule. Both of appellant's convictions are nullities. The judgment is accordingly reversed.

WOLFE, P. J., and ANDERSON, J., concur.