**STATE of Missouri, Respondent,**

v.

**Joseph Charley ALLISON, Appellant.**

**No. 24796.**

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1968.

Robert H. Frost, Plattsburg, for appellant.

Bob F. Griffin, Pros. Atty., Cameron, for respondent.

CROSS, Judge.

This is an appeal by defendant Joseph Charley Allison from a judgment rendered by the Circuit Court of Clinton County purporting to convict him of the offense of operating a tandem axle motor tractor and tandem axle semitrailer 10,350 pounds "overweight". The alleged offense is a misdemeanor as defined by Sections 304.180 and 304.240 V.A.M.S., RSMo 1959. Consequently, this court has jurisdiction of the appeal. V.A.M.S. Constitution Article 5, Section 13; State v. Harold, 364 Mo. 1052, 271 S.W.2d 527.

■ Defendant has not seen fit to file a brief in support of his appeal. Therefore our review will be limited to consideration of "the sufficiency of the information or indictment, verdict, judgment and sentence", and we will consider no allegations of error asserted in defendant's motion for a new trial. "Allegations of error not briefed on appeal, whether a brief is filed by appellant or not, will be deemed waived or abandoned." Rule 28.02, Rules of Criminal Procedure. (Amended Jan. 9, 1967, effective Sept. 1, 1967.)

At the outset of this appeal, we discover that there is no indictment or information to support the prosecution and judgment. The proceeding appears to have been initiated in magistrate court by the filing of a Missouri Uniform Traffic Ticket, which was executed by a peace officer, *only* as a complaint. The document is not executed by the prosecuting attorney or any prosecuting officer as an information. Section 543.020 V.A.M.S. requires that "Prosecutions before magistrates for misdemeanors shall be by information * * *". Section 543.030 V.A.M.S. directs that "All such informations shall be made by the prosecuting attorney * * * and shall be filed * * * before the party or parties accused shall be put upon their trial * * *". It has been held by this court that a prosecution for misdemeanor is not commenced by the filing of a complaint, but begins only upon the filing of an information by the prosecuting attorney. City of Pilot Grove v. McCormick, 56 Mo.App. 530; Kansas City v. Asby, Mo.App., 377 S.W.2d 511.

■ In view of the foregoing, we necessarily rule that no judicial proceedings were commenced by the filing of the officer's complaint against appellant unaccompanied by an information executed by the prosecuting attorney. Consequently, the matters presented for our review are acts done in a court which had no jurisdiction over appellant's person or of any intended cause of action. Those proceedings, inclusive of the alleged verdict, judgment and sentence, are null and void and without legal effect. See 42 C.J.S. Indictments and Informations § 1, p. 833; Kansas City v. Asby, supra.

The judgment is reversed and the cause is dismissed.

All concur.