STATE of Missouri ex rel. Clarence HOUSE, Appellant,

v.

Honorable Richard L. WHITE, Judge of Division 3, Kansas City Municipal Court, Respondent.

No. 24895.

Kansas City Court of Appeals.
Missouri.

June 3, 1968.

Robert Frager, Kansas City, for appellant.

Herbert C. Hoffman, City Counselor, and Richard W. Mason, Jr., Associate City Counselor, Kansas City, for respondent.

HOWARD, Presiding Judge.

This is an appeal from the action of the Jackson County Circuit Court in dismissing appellant's petition for writ of mandamus. The petition alleges that petitioner was arrested by a police officer of Kansas City, Missouri, on May 7, 1967. Two Uniform Traffic Tickets were issued to him, one charging him with careless driving, and the other charging him with driving while under the influence of intoxicating liquor. Petitioner was held in jail overnight and he alleges that he was denied an opportunity to contact anyone. He was taken before the respondent judge at 9:00 A.M. the next morning where he pleaded guilty to both charges and was fined an aggregate of $135.00. Thereafter, on May 12, 1967, he filed a "Motion to Set Aside Plea of Guilty" in both cases, which motions he alleges were "summarily overruled by respondent." Thereafter, on May 16, 1967, petitioner filed affidavit of appeal in both cases, as to which he alleges "that Respondent refused to approve said appeals or allow them to be acted upon by the Clerk of

the Municipal Court of Kansas City, Missouri." Petitioner alleges that respondent judge's actions in denying his application to withdraw plea of guilty and refusing to permit appeal were "arbitrary, illegal and void." Respondent filed a motion to dismiss the petition, a return to the petition and a motion for summary judgment. Copies of the two traffic tickets, the motion to set aside plea of guilty and the affidavit for appeal are attached to the petition as exhibits. These exhibits are not questioned in this proceeding and have been adopted by respondent in some of his pleadings.

The trial court sustained the motion to dismiss and ordered the cause dismissed with prejudice. From this order, petitioner has duly appealed to this court.

While the factual allegations of the petition are somewhat skimpy we believe that they are filled out by the pertinent documents which are attached to the petition as exhibits. With the help of these exhibits the petition presents two questions: (1) Did the trial court err in dismissing the petition for writ of mandamus as to the action of the municipal judge in overruling petitioner's motion to set aside plea of guilty, and (2) did the trial court err in dismissing the petition for writ of mandamus as to the action of the municipal judge in refusing to approve the affidavit for appeal or to allow the clerk of municipal court to act upon such affidavit.

The motion to set aside plea of guilty alleges petitioner's arrest and appearance in court the following morning; his denial of an opportunity to consult with an attorney, family or friends or to make bond; that petitioner "was not aware of his right to make bond and for a trial, and did not realize the possible consequences from his plea of guilty." It also alleges as a conclusion that petitioner is not guilty. The petition simply alleges that this motion was "summarily overruled." The brief in this court states that the motion "was presented

to and summarily overruled by Respondent."

It has long been established that mandamus will lie to compel a judge to exercise his discretion but that it will not lie to control the manner in which such discretion is exercised. In other words, if respondent had refused to rule on the motion or had refused to actually give it due consideration, mandamus would lie to require that he rule and that he give it proper consideration when so ruling. However, mandamus will not lie to require that he rule in any certain manner. See State ex rel. Adamson v. Lafayette County Court, 41 Mo. 221; Miltenberger v. St. Louis County Court, 50 Mo. 172; State ex rel. Kugler v. Tillatson, Mo., 312 S.W.2d 753; and State ex rel. Great Lakes Pipe Line Co. v. Hendrickson, Mo., 393 S.W.2d 481. Likewise, mandamus will lie to prevent an excess of jurisdiction or an abuse of discretion. See State ex rel. Knight Oil Company v. Vardeman, Mo., 409 S.W.2d 672. In the present case the matter of setting aside the plea of guilty was clearly committed to the sound judicial discretion of the municipal judge. State v. Parker, Mo., 413 S.W.2d 489. He did rule upon the motion and no allegation of an excess of jurisdiction or an abuse of discretion is made in the petition unless it can be found in the characterization of such ruling as "summary." Black's Law Dictionary, Third Edition, says of the word "summary": "The term used in connection with legal proceedings means a short, concise and immediate proceeding * * *" To the same effect see 83 C.J.S., p. 788. It does not appear to have a connotation of action without due consideration but rather of action which is expeditious or speedy. Speed would be consistent with respondent's personal knowledge of the proceedings which had gone before. Under the circumstances, we cannot say that this word alone is sufficient to charge any wrongdoing on the part of the municipal judge and it appears from the petition as a whole and the brief filed in this court that petitioner, in fact, seeks an order requiring that the municipal judge sustain the motion. This cannot be done by writ of mandamus under the authorities heretofore cited.

As to the affidavit of appeal, a different question is presented. Section 399 of the Charter of the City of Kansas City, Missouri, provides for appeals from the municipal court "in the manner and upon the conditions prescribed by ordinance." Section 22.23 of the Code of General Ordinances, effective October 23, 1967 (which is identical with the provision in force at the times in question herein), provides for an appeal on the presentation of an affidavit of appeal to the judge within ten days after judgment. The affidavit of appeal in the case at bar was filed within the ten day period. It is not challenged as to form or procedure and we note that both in the return to the petition and in the motion for summary judgment, the action of respondent in refusing to allow the affidavit of appeal to be filed and in refusing to allow the appeal to be taken is justified on the basis that petitioner had no right of appeal. The brief attempts to justify this action on the basis that no appeal will lie from a judgment of the municipal court entered on a plea of guilty. The ordinance above referred to authorizes an appeal only by a defendant "who has entered a plea of not guilty." However, this matter is one which is not for the decision of the municipal court. In the first place, the ordinances do not give any authority to a municipal judge to deny or in any way impede an appeal when a proper affidavit of appeal has been filed. Furthermore, it is fundamental that the question of the efficacy of the affidavit of appeal and of the right of the appellant to appeal from the judgment or order entered by the court below is to be decided by the court to which the appeal is taken and not by the court from which it is taken. Thus, the question of whether or not petitioner in the case at bar had a right to appeal from the judgment entered on his plea of guilty is one to be decided by the circuit court on the ap-

peal. The municipal court has no function in determining this question. The processing of the notice of appeal is a mere ministerial duty and no discretion concerning such appeal is vested in the municipal court or any judge thereof. In this instance, the respondent judge was acting entirely without authority and was interloping into a matter beyond his jurisdiction. He had no right to interfere in any manner with petitioner's appeal except only to accept the filing of the affidavit of appeal and approve the appeal bond in an appropriate case.

■ Petitioner admits that his petition did not forcefully bring to the attention of the circuit court the scope of his affidavit for appeal. However, such affidavit is attached to the petition as an exhibit and it shows that by the affidavit of appeal, petitioner sought to appeal from and alleged that he was aggrieved by the "charge, verdict, sentence and Order overruling Defendant's Motion to Set Aside Plea of Guilty." The ruling on a motion to set aside plea of guilty is an appealable order. Rule 37.77 of the Supreme Court Rules of Practice and Procedure in Municipal and Traffic Courts, which authorizes such motion, is identical with Criminal Rule 27.25 V.A.M.R. providing for such motions in criminal cases, and the rulings thereon are appealable. See State v. Skaggs, Mo., 248 S.W.2d 635. Therefore, petitioner had an absolute right to appeal therefrom which right was denied to him by the respondent judge in municipal court. As to this facet of the case, petitioner has brought himself squarely within the requirements for a writ of mandamus as those requirements are summarized in respondent's brief that "he has an existing, clear, unequivocal, specific legal right" to appeal and there is "a corresponding present, imperative, unconditional duty on the part of the defendant" municipal judge.

■ We therefore are convinced that the trial court erred in dismissing the petition for mandamus as it pertains to the affidavit of appeal and that such dismissal cannot be justified as an exercise of the admitted discretion of the circuit judge in such matters.

■ Were it not for one other circumstance which has not been mentioned by either party, this would dispose of the case. However, from an examination of the record before us it appears as a fact which we cannot ignore that neither of the uniform traffic tickets which contained the charges against petitioner in municipal court was signed by the city counselor, assistant city counselor or any other proper prosecuting official. The exhibits reveal that the place for such signature is entirely blank on each ticket and no such signature appears anywhere on either traffic ticket. Thus, this matter comes squarely within the holding in Kansas City v. Asby, Mo. App., 377 S.W.2d 511, wherein it was held that in the absence of such signature, no charge was in fact filed against the defendant and that the proceedings in the municipal court were a nullity. It therefore follows that the proceedings had in the municipal court against petitioner were void ab initio and consequently the judgments entered against petitioner by municipal court are void. Even though this matter was not mentioned by either party and was not called to the attention of the circuit court, we cannot close our eyes to this fact and it would serve no purpose to require further proceedings in the court below. We therefore remand this cause to the circuit court with directions to issue its writ of mandamus to the respondent municipal judge directing him to dismiss the proceedings against petitioner because no valid charge was ever brought against petitioner and all proceedings purported to be had in municipal court were void.

All concur.