**UNIVERSITY CITY,**
Plaintiff-Appellant,

v.

**Thomas MILLER, Defendant-Respondent.**

No. 33917.

St. Louis Court of Appeals,
Missouri.

July 27, 1971.

Jack J. Morris, John F. Mulligan, St. Louis, for plaintiff-appellant.

Harold G. Johnson, Chester B. Hayes, St. Ann, for defendant-respondent.

CLEMENS, Commissioner.

In the City's municipal court defendant was found guilty of peace disturbance. On his appeal the case was tried de novo and at the close of evidence the circuit court granted defendant's motion to dismiss because the City had failed to plead he had "wilfully" disturbed the peace, as proscribed by the ordinance. Now the City appeals, challenging the trial court's refusal to allow it to amend after the evidence was closed.

We do not reach that issue since we have determined there was no valid charge against defendant and hence the municipal court was without jurisdiction. This because there was only a layman's complaint filed below, never an information filed by a public prosecutor. This jurisdictional question was raised neither below nor here. Nonetheless we must consider it. Rule of Criminal Procedure 28.02, V.A.M.R., provides "Allegations of error respecting the sufficiency of the information or indictment * * * shall be considered upon an appeal although not raised in the trial court or preserved for review." See State v. Vandergriff, Mo., 403 S.W.2d 579 [1]; and State v. Rose, Mo., 428 S.W.2d 737 [6].

The only basis of the City's prosecution was an affidavit captioned "Complaint" made before the City's clerk by John Ray Bruno, the prosecuting witness. No city official joined in the affidavit, nor was there an information filed by the City's prosecuting official. The moving party in prosecuting an ordinance violation is the municipality, not an aggrieved private person. Here the prosecution should have been instituted by a public official of University City, not by a private citizen. A private citizen may properly complain of an ordinance violation but the judicial machinery should be set in motion by the party who prosecutes—the municipality which contends its ordinance has been violated. The private complaint here did not constitute a valid charge, and a valid charge is the indispensable basis of a court's jurisdiction. State v. Hasler, Mo. App., 449 S.W.2d 881 [3–5].

The complaint's inadequacy as a basis for prosecution was determined by our decision in City of Elvins v. De Priest, Mo.App., 398 S.W.2d 22. There a city marshal issued, signed and filed with the police judge a "notification of traffic violation" charging the defendant had violated an ordinance regulating auto licenses. It bore no signature by a municipal prosecuting official. After conviction the defendant appealed to the circuit court and again to this court where the city contended it was enough that the complaint adequately informed defendant about the nature of the city's charge. In holding defendant's conviction was a nullity we said:

"Whatever independent merit the proposition [of non-prejudice] may have must be found in the light of the settled principle that 'a prosecution for violation of a municipal ordinance is a civil proceeding with quasi-criminal aspects,' Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 608; and among those 'aspects' is the requirement of 'a written accusation of crime preferred by a public prosecuting officer,' State v. Noell, 220 Mo.App. 883, 295 S.W. 529, 530. In

criminal cases the prosecutor's formal charge is the indispensable basis of the court's jurisdiction; without it '[t]here can be no trial, conviction, or punishment.' 42 C.J.S. Indictments and Informations § 1, p. 833. We find nothing in the Rules to indicate that the framers intended to abrogate that requirement in municipal court cases. On the contrary, the Rules seem to have been devised with an eye alike to the traditional rights of the accused and the orderly administration of justice; and the requirement of a formal, official charge is essential to both. Its dual purpose is to inform the accused 'of the essential facts constituting the offense charged,' Rule 37.18, and at the same time protect the courts from the harassment of trials which offer no reasonable prospect 'that a case against the accused can be made,' Rule 37.08. Accordingly, the plan contemplates that where the prosecution originates upon the complaint of a private person, it shall proceed no further until the prosecutor, either with or without the preliminary investigation which Rules 37.07 and 37.08 encourage him to make, has satisfied himself that the accusation is not the product of misinformation or malice, and that a trial will not be a mere exercise in futility at public expense.

"We conclude, therefore, that there can be no substitute for the prosecutor's 'plain, concise and definite written statement of the essential facts constituting the offense charged,' Rule 37.18; that such a statement is just as indispensable in municipal prosecutions as it is in criminal cases, and for the same reasons; and that without it, as the Noell case says, supra, 1.c. 530, '[n]o system of jurisprudence could afford a fair trial.' "

For the same reason we hold there was no valid charge against the present defendant. Lacking that, the municipal court had no jurisdiction to proceed against him and his conviction was a nullity. The circuit court should have dismissed the case on that ground rather than on the ground the sub-

stance of the information was defective. The judgment of the circuit court dismissing the case is affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.