**CITY OF FLORISSANT, Plaintiff-Respondent,**

v.

**Paul ROUILLARD, Defendant-Appellant.**

**No. 56932.**

Supreme Court of Missouri, Division No. 1.

June 11, 1973.

V. Jack Muehlenkamp, Dellwood, for plaintiff-respondent.

Henderson, Heagney & Snyder, Robert O. Snyder, St. Louis, for defendant-appellant.

WELBORN, Commissioner.

Appeal from judgment of circuit court finding violation of city ordinace of City of Florissant concerning keeping of bees within city limits. Circuit court imposed fine of $10.00 and costs.

The transcript here shows the "Municipal Ordinance Violation Notice," directed to *Mrs.* Paul Rouillard. Nothing further appears regarding proceedings in municipal court. The record in the circuit court shows an entry of appearance by an attorney for defendant. Thereafter, the following stipulation was filed:

"Comes now both parties in this cause and stipulate as follows:

"Parties agree that this is a controversy of law, not of fact. The defendant has committed the acts alleged, specifically the keeping of bees in violation of Article V Section 4–43, Ordinance, City of Florissant.

"The parties agree to submit this cause on the issue of the constitutionality of the foregoing ordinance and its related sections."

The original submission on which judgment had been entered was set aside and the parties given time for filing of memoranda. The memoranda of the parties appear in the transcript. On May 6, 1971, the trial court entered the following order:

"Said cause having heretofore been submitted to the Court on an Agreed Statement of Facts and by filing briefs concerning the law, the Court now being fully advised on the premises and further having again reviewed the facts and the law finds defendant Rouillard in violation of City Ordinance 4–43 (et al.) through 4–50 which by this order the Court finds to be a valid ordinance, and therefore defendant is guilty as charged, the Court further assesses a fine of $10.00 and costs against defendant Rouillard."

On May 18, 1971, notice of appeal was filed on behalf of Paul Rouillard.

Jurisdiction of the appeal in this court is premised upon the constitutionality under the United States and Missouri Constitutions of the ordinance involved.

■ In order to confer jurisdiction on this court under Mo.Const. Art. V, § 3, V. A.M.S., on the grounds that construction of the federal or state constitutions is involved, the constitutional question must have been presented in the trial court at the earliest opportunity, and the party presenting the constitutional issue must specify for the benefit of the trial court the constitutional provisions which he invokes. Barnes v. Anchor Temple Association, 369 S.W.2d 192 (Mo.1963); City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, 376 [5, 6] (banc 1949); Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112, 114–115 [10–12] (banc 1939).

■ The only showing by the record of the attempt to raise a constitutional issue is by the stipulation which in no way identifies the constitutional provisions relied upon and is, therefore, under the rule above quoted, insufficient to raise a constitutional ground for appellate jurisdiction of this court.

The memorandum of appellant in the trial court did contend that the ordinance was too broad to be constitutional, in that it unconstitutionally declared and regulated as a nuisance that which is not a nuisance per se. The memorandum asserts:

" * * * In this respect, the Courts have been unequivocal; doubtless appellee concedes that, as a general proposition of law, a municipality which unreasonably so legislates has denied Appellant's constitutional rights—pursuant to the Fourteenth Amendment, United States Constitution, and the due process clause of the Missouri Constitution."

 Given this statement as invoking a constitutional protection, the statement itself makes clear that what appellant thereby invoked was the application of an established constitutional principle, not the construction of either the state or federal constitutions. This does not give rise to appellate jurisdiction of the cause in this court. City of St. Louis v. Page, 259 S.W. 2d 98, 99 [1] (Mo.App.1953); City of Richmond v. Creel, 253 Mo. 256, 161 S.W. 794 (1913).

Other constitutional provisions are invoked in appellant's brief in this court. However, that is too late to confer jurisdiction. State v. Armour Pharmacy, Inc., 152 S.W.2d 67 (Mo.1941); Veal v. Leimkuehler, 249 S.W.2d 491, 495 [2] (Mo.App. 1952).

Without regard for the question of whether or not the constitutional question was required to have been raised in the municipal court (see City of St. Louis v. Page, supra), the record here does not demonstrate that the constitutional questions were ever presented in the circuit court in such a manner as to call for the exercise of appellate jurisdiction by this court.

Cause transferred to Missouri Court of Appeals, St. Louis District.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.