**CITY OF FLORISSANT, Plaintiff-Respondent,**

v.

**Paul ROUILLARD, Defendant-Appellant.**

No. 35527.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 21, 1974.

V. Jack Muehlenkamp, Asst. City Atty., St. Louis, for plaintiff-respondent.

Henderson, Heagney & Snyder, St. Louis, for defendant-appellant.

DOWD, Chief Judge.

This is an appeal from a judgment of the Circuit Court finding a violation of a city ordinance of the City of Florissant relative to the keeping of bees within the city limits. A fine of $10.00 and costs was imposed.

This appeal was first heard in the Supreme Court on the ground that there was a constitutional question involved. The Supreme Court in City of Florissant v. Rouillard, 495 S.W.2d 418 (Mo.1973) held, inter alia, that the case involved the appli-

cation of an established constitutional principle and not the construction of either the state or federal constitutions. Accordingly, the appeal was transferred to this court.

From an examination of the transcript it is impossible to determine just who is the defendant in this case. The proceedings in the Municipal Court of the City of Florissant were commenced upon the filing of a "Municipal Ordinance Violation Notice." This notice which is also designated as a "Complaint and Information" is set out in the transcript as follows:

MUNICIPAL ORDINANCE VIOLATION NOTICE
State of Missouri
County of St. Louis

COMPLAINT & Information
No. 11092

CITY OF FLORISSANT
619 St. Francois St.

In the Municipal Court of Florissant

The undersigned peace officer complains and states that

_____Mrs. Paul Rouillard_____          (Emphasis added).
NAME

_____27 San Mateo_____
ADDRESS

_____Florissant, Missouri_____
CITY

within the City of Florissant, as aforesaid, on

_____7/23/70_____     _____3:10 p.m._____
DATE              TIME

violated a MUNICIPAL ORDINANCE of the City of Florissant in that defendant:

keeping of bees on his premises within

the City of Florissant

which constitutes a violation of the provisions of Florissant City

Code Section 4–43, as amended.

ABOVE COMPLAINT IS TRUE AS I VERILY BELIEVE,

Officer (signed) Norman L. Peveto No. 1

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE.

ON INFORMATION UNDERSIGNED PROSECUTOR COMPLAINS AND INFORMS COURT THAT ABOVE FACTS ARE TRUE AS HE VERILY BELIEVES.

_____10204_____          NAME & TITLE

I PROMISE TO APPEAR

AT    (TIME)          COURT DATE          COURT ADDRESS (see above)

_____7:00 p.m._____     _____Aug. 26, 1970_____     _____

(signed)     * Mrs. Paul Rouillard     DEFENDANT'S SIGNATURE

(Emphasis added).

There is no further reference to *Mrs.* Paul Rouillard in the record. There is no showing of the disposition of the case in the Municipal Court of Florissant nor the name of the defendant appealing to the Circuit Court. We note that the complaint and information is directed against Mrs. Paul Rouillard and again it is Mrs. Paul Rouillard who signed the complaint and information in which she promised to appear in court to answer the complaint and information. Next to Mrs. Paul Rouillard's signature are the printed words "DEFENDANT'S SIGNATURE." Then the record in the Circuit Court for the first time shows Paul Rouillard as the defendant.

From the record before us it appears that Mr. Paul Rouillard appealed to the Circuit Court from a finding of an ordinance violation by *Mrs.* Paul Rouillard. While we are confident that this apparent procedure is not legal, we have an immediate jurisdictional problem we must resolve.

■ Although no question has been raised by the parties regarding our jurisdiction to consider this appeal, it is our duty to inquire sua sponte. University City v. Miller, 469 S.W.2d 941 (Mo.App. 1971); Glaser v. Hornbeck, 477 S.W.2d 432 (Mo.App.1972).

■ We are convinced that the information here is null and void and without legal effect. This for the reason that the purported information is not signed by the prosecutor. University City v. Miller, supra; City of Elvins v. De Priest, 398 S. W.2d 22 (Mo.App.1965); Kansas City v. Asby, 377 S.W.2d 511 (Mo.App.1964).

The respondent city initiated this proceeding on the complaint of a police officer. Below the officer's signature on the purported complaint and information is contained the words: "ON INFORMATION UNDERSIGNED PROSECUTOR COMPLAINS AND INFORMS COURT THAT ABOVE FACTS ARE TRUE AS HE VERILY BELIEVES." This is followed by a blank line for the signature of the prosecutor or his assistant if an information is to be executed by the prosecutor. At the end of the line intended for the prosecutor's signature is contained the printed words "NAME & TITLE."

While the form used here does contain the signature of the officer, there is no signature by the prosecutor or his assistant. As a consequence, the violation notice which was executed as a complaint and filed in the municipal court does not constitute an "information" as that term is understood under general law and as required by Rule 37.18, V.A.M.R.[1] University City v. Miller, supra; City of Elvins v. De Priest, supra; Kansas City v. Asby, supra.

This court in The City of Elvins v. De Priest, supra, held that a conviction for a violation of a city ordinance is a nullity where there was no prosecutor's written statement filed against the defendant and that such a statement is just as indispensable in municipal prosecutions as in criminal cases. In City of Elvins a city marshal issued, signed and filed with the police judge a "notification of traffic violation" charging the defendant had violated an ordinance regulating auto licenses. This "notification" bore no signature by a municipal prosecuting official. In a well reasoned opinion by Special Judge L. F. Cottey this court stated at p. 24 of 398 S.W.2d:

* * * 'A prosecution for violation of a municipal ordinance is a civil proceeding with quasi-criminal aspects,' Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 608; and among those 'aspects' is the requirement of 'a written accusation of crime preferred by a public prosecuting officer,' State v. Noell, 220 Mo.App. 883, 295 S.W. 529, 530.

The City of Elvins was cited with approval by this court in University City v.

---

1. Rule 37.01 et seq., V.A.M.R. regulates the procedures to be followed in municipal courts.

**188**

Miller, supra, which held that where the only basis for the city's prosecution for violating a city peace disturbance ordinance was an affidavit captioned "Complaint" made before the city clerk by a prosecuting witness and that there was no information filed by the city's prosecuting official there was no valid charge against the defendant and the municipal court had no jurisidiction to proceed against the defendant and that therefore the conviction was a nullity. The court pointed out that the moving party in prosecuting an ordinance violation is the municipality and that the prosecution should have been instituted by a public official of University City.

Again in a case involving the identical issue (failure of the prosecutor to sign the complaint) the court in Kansas City v. Asby, 377 S.W.2d 511 at p. 513 (Mo.App. 1964) stated:

> We rule that no judicial proceedings were commenced by the filing of the officer's complaint against appellant. Consequently, the matters presented for our review are acts done in a court which had no jurisdiction over appellant's person or of any intended cause of action. Those proceedings, inclusive of the alleged judgment of conviction, are null and void and without legal effect.

While Asby also involved an ordinance which provided that the city counselor or an assistant prepare all charges and complaints against parties for violations of city ordinances, it is also clear that Asby holds that the general law requires a signature by the prosecutor in order to constitute an information.

Here in the absence of the prosecutor's signature on the purported information there was no valid charge preferred against the defendant.

■ Accordingly, we hold the purported information to be null and void and without legal effect and the court was without jurisdiction over the person of the defendant.

The judgment is reversed and the proceeding is dismissed.

WEIER and SIMEONE, JJ., concur.