STATE ex rel. ST. LOUIS COUNTY, Missouri, Respondent,

v.

Joseph A. GOEKE, III, Appellant.

No. 40616.

Missouri Court of Appeals, Eastern District, Division Two.

March 4, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Application to Transfer Denied June 10, 1980.

Alan G. Kimbrell, Rosecan, Shostak, Kimbrell & Witzel, St. Louis, for appellant.

Thomas W. Wehrle, St. Louis County Counselor, James H. White, Associate County Counselor, Clayton, for respondent.

STEPHAN, Presiding Judge.

Appellant, the Honorable Joseph A. Goeke III, appeals from a judgment making absolute a writ of mandamus sought by St. Louis County. We affirm.

On January 2, 1977, the St. Louis County Council passed Ordinance No. 7707, which became effective on January 21, 1977. The ordinance permits a peace officer to issue a "summons" in lieu of arrest or application for a warrant, whenever the officer suspects that a county ordinance had been violated in his presence. The ordinance includes a proposed "summons" form to be used in all non-traffic ordinance violation cases.[1] Since the enactment of this ordinance, the St. Louis County Police Department has used a form such as that provided for in the ordinance in cases involving suspected violations of non-traffic ordinances in unincorporated areas of St. Louis County when an immediate arrest or application for warrant has not appeared necessary. Whenever such summonses are filed in appellant's Fourth District Magistrate Court,[2] appellant refuses to accept either the notice itself or jurisdiction over the suspected violator, which results in the dismissal of the case without a determination of the merits. Relator brought this writ below seeking to have the circuit court command appellant to accept all "summons in lieu of arrest issued under the authority of Ordinance No. 7707, to accept jurisdiction over those suspected violators of County ordinances who are summoned to appear before him and to make a judicial determination as to the guilt or innocence of said suspected violator . . ." The writ so commands.

Appellant raises two points: that the circuit court erred in ruling effectively that the notice authorized by the ordinance could confer on him jurisdiction of suspected violators of non-traffic ordinances; and, that it was error to order him to accept jurisdiction of such persons "for the reason that

---

1. The ordinance provides in part:

   "1. Any peace officer may, when a suspected violation of a county ordinance occurs in the presence of said peace officer, in lieu of an arrest of the suspected violator, or application for a warrant through the office of the County Counselor as stated herein, issue a summons to the suspected violator to appear before the appropriate magistrate at a date and time specified therein.

   2. The summons provided for herein shall not be issued in traffic cases which require the use of the Uniform Traffic Ticket, under Missouri Supreme Court Rule 37.

   3. The summons provided for herein shall be substantially in the following form: . ."

   The notice set forth in the ordinance is substantially in the form provided by Rule 37.-1164, contains blank spaces, which when filled in by the police officer, show the name of the defendant, his physical description, the title and address of the court in which he is to appear, the date of such appearance and a warning that his failure to appear will result in a warrant being issued for his arrest. Space is provided for a detailed statement of the charges he is to answer. The form contemplates that the recipient will sign a statement promising to appear at the appointed time and place, that the issuing officer will sign it under oath before a notary and that it will also be signed by the prosecutor.

2. On November 7, 1978, appellant was reelected and has become an Associate Circuit Judge of St. Louis County. However this fact does not change the dispute between the parties.

the issuance of magistrate process is a governmental function" under the sole control of the Supreme Court and the General Assembly. Underlying both points is the erroneous assumption that the notice authorized by Ordinance No. 7707 constitutes "magistrate process." The short answer to both contentions is that, at the time the notice is given to the suspected violator, it is not judicial process of any kind. It is a request that the recipient appear in court at the appointed time, his written promise to do so and a notice that his failure to do so will cause the issuance of a warrant for his arrest.[3] After the form is signed by the prosecutor (here, the county counselor or one of his assistants), the document becomes an information, *University City v. Miller*, 469 S.W.2d 941 (Mo.App.1971); *Kansas City v. Asby*, 377 S.W.2d 511 (Mo.App. 1964); and the jurisdiction of the appellant is properly invoked.

As a county of the first class having adopted a charter form of government, St. Louis County may prosecute violations of its ordinances in the magistrate (now circuit) courts of that county. Section 66.010, RSMo 1969; RSMo 1978. See also § 66.140, RSMo 1969; RSMo 1978. Inherent in the right to employ appellant's court as a forum for the adjudication of claimed violations of county ordinances is the right to initiate proceedings to that end. When notice provided for by Ordinance No. 7707 is lodged with the court by formal complaint of a police officer and thereafter signed by the county counselor or an assistant upon his oath of office, it is an information; subsequent voluntary appearance by the defendant in accordance with the notice constitutes waiver of formal process and submission to appellant's jurisdiction. "Where a court has jurisdiction of the subject matter of the action, jurisdiction over the person of any party may be conferred by consent. Irregularities in process or even absence of process may be cured by the express or implied consent of the party to the litigation." *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo.App.1976). See also *Bennett v.*

*Shaul*, 318 S.W.2d 307, 309 (Mo.1958). In the facts upon which the issues of this case are presented, the defendants have appeared in response to the notice, and there is no indication that any appeared for the sole purpose of contesting appellant's jurisdiction.

Moreover, it is a familiar precept that, "Under its special charter, St. Louis County is possessed of a dual nature and functions in a dual capacity, both as a county and as a municipality." *State ex rel. St. Louis County v. Campbell*, 498 S.W.2d 833, 836 (Mo. App.1973). See also *Carson v. Oxenhandler*, 334 S.W.2d 394 (Mo.App.1960). The enactment of the ordinance here in question is a clear exercise of its municipal police powers, is consistent with its authority to invoke the appellant's jurisdiction under § 66.010, supra, and is in harmony with the provisions of Supreme Court Rule 37.01, et seq., particularly Rule 37.09 authorizing initiation of municipal court proceedings by summons in lieu of arrest or warrant.

Appellant has jurisdiction of cases initiated by notice as contemplated by Ordinance No. 7707 relating to county ordinance violations committed in unincorporated areas. Respondent is entitled to require appellant to exercise that jurisdiction. *State ex rel. House v. White*, 429 S.W.2d 277, 280 (Mo. App.1968); *Baker v. Tener*, 112 S.W.2d 351, 355 (Mo.App.1938).

The judgment is affirmed.

KELLY and STEWART, JJ., concur.

---

**3.** In the interest of accuracy, the notice should state that failure to appear will cause a warrant to be *sought*, rather than *issued*. No point of this is made by the parties.