**CITY OF JOPLIN,
Plaintiff-Respondent,**

v.

**Mary GRAHAM, Defendant-Appellant.**

No. 13337.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 18, 1984.

R. Deryl Edwards, Joplin, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

GREENE, Judge.

Defendant, Mary Graham, was found guilty of assaulting a police officer (section 26–12 of the Joplin City Code) in the Joplin Municipal Court. The case was appealed to the circuit court of Jasper County which, after conducting a trial de novo, found Graham guilty and assessed a fine of $100.

Graham contends that the trial court erred in finding her guilty of assaulting an officer because the information was insufficient, as it contained no facts alleging the offense of assaulting an officer.

An information charging an ordinance violation is ordinarily considered to be sufficient if it describes the act complained of in the language of the ordinance itself. *Kansas City v. Graham*, 502 S.W.2d 411, 415 (Mo.App.1973). Section 26–12 of the Joplin City Code prohibits a person from 1) knowingly and willingly, 2) assaulting, battering or wounding, 3) any officer of the city 4) while in the discharge of any official duty. The information here merely charges that "defendant did then and there unlawfully assault a police officer." Clearly, the information does not allege that the complaining police officer was in the discharge of his official duty at the time of the assault. Therefore, the city

has failed to allege all of the elements of the offense prohibited by the ordinance. *City of Kansas City v. Harbin*, 600 S.W.2d 589, 592 (Mo.App.1980). See also *City of Raytown v. Roach*, 360 S.W.2d 741 (Mo. App.1962), where the court directed that an averment that defendant committed the offense of "careless and imprudent driving" would be no more than a conclusion of law and lacking in the essential facts necessary to constitute the offense charged. *City of Raytown*, supra, at 743. In addition, while an information charging an ordinance violation is not tested by the same degree of strictness and particularity as is one charging a criminal offense [*City of Kansas City v. Bibbs*, 548 S.W.2d 264, 265 (Mo. App.1977)], it must allege specific facts amounting to a violation in order to be sufficient. *City of Independence v. Kirchoff*, 419 S.W.2d 957, 959 (Mo.App.1967). The information in this case fails to allege any facts constituting the offense and is, therefore, defective. *City of Clinton v. Kammerich*, 642 S.W.2d 353, 355 (Mo.App. 1982) and Rule 37.18, V.A.M.R.

An additional fundamental defect exists in the "Information and Complaint." The information form contains the following: "On information, undersigned prosecutor complains and informs Court that above facts are true as he verily believes them." A signature and date line follow, which are blank. This is the same failing pointed out by the court in *City of Florissant v. Rouillard*, 510 S.W.2d 185 (Mo. App.1974). There, the court held that since the absence of the prosecutor's signature on the proported information precluded the filing of a valid charge, the information was null and void, and the trial court lacked jurisdiction over the defendant. *Florissant v. Rouillard*, supra at 188.

Proceedings for the alleged violation of a municipal ordinance are to be instituted by the municipality as the prosecuting party. *University City v. Miller*, 469 S.W.2d 941, 942 (Mo.App.1971). These proceedings are quasi-criminal in nature and, as such, require a "written accusation of crime preferred by a public prosecuting officer." *City of Elvins v. De Priest*, 398 S.W.2d 22, 24 (Mo.App.1965). Without a formal charge by a prosecutor, the court lacks jurisdiction to try, convict or punish the defendant. *City of Elvins v. De Priest*, supra at 24.

While neither of the parties have raised the issue regarding our jurisdiction to consider this appeal, we must review that question sua sponte. *Florissant v. Rouillard*, supra at 187. Accordingly, we hold that the information filed against Graham is not valid because the prosecutor failed to sign it and the court, therefore, lacked jurisdiction to entertain the case. Furthermore, the information was insufficient to charge a violation of the ordinance prohibiting the assaulting of an officer for the reasons stated in this opinion.

The judgment is reversed and the proceeding is dismissed.

TITUS, P.J., and FLANIGAN, J., concur.