STATE of Missouri, Respondent,

v.

Danny KNIGHT, Appellant.

No. 54172.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 27, 1988.

John Malec, St. Louis, for appellant.

George R. Westfall, Carrie Costantin, Pros. Attys., Clayton, for respondent.

GARY M. GAERTNER, Judge.

Defendant Danny Knight was convicted in a nonjury trial of driving while intoxicated in violation of RSMo § 577.010 (1986). Defendant had previously pled guilty to two alcohol related driving offenses. Defendant was sentenced to sixty days imprisonment or one hundred twenty days imprisonment with work release. Defendant raises two arguments on this appeal. Defendant first argues that the trial court lacked jurisdiction over the matter because the information filed in the trial court was not signed by the prosecutor. Second, defendant argues that the trial court was without jurisdiction to sentence defendant because the information failed to set forth the penalty provision. Finding defendant's arguments to be without merit, we affirm.

The nature of defendant's claim on appeal necessitates only a brief recitation of facts. On February 26, 1987, Fenton Police Officer Mark Goelz observed defendant operating a motor vehicle in excess of the speed limit. After stopping defendant, Officer Goelz observed defendant to be off balance and leaning on his vehicle. Officer Goelz also noted that defendant's eyes were watery and Goelz smelled the odor of intoxicating beverage about defendant's person. Officer Steven Covalt assisted in defendant's arrest. Officer Covalt observed defendant's eyes to be bloodshot and watery. Officer Covalt noted that defendant staggered while walking and swayed while standing. Both officers observed defendant fail several field sobriety tests. Both officers testified at trial that defendant was intoxicated in their opinion.

Defendant testified at trial that his eyes were bloodshot because he had been painting cars during the day at his body shop. He stated that he could not perform the balancing test because his left ankle had been previously broken once and his right ankle had been broken twice. Defendant also testified that the condition of his ankles left him with an unsteady gait. Defendant admitted that he had consumed six or seven beers during the six hour period preceding his arrest. Defendant stated that he did not believe he was intoxicated at the time of his arrest.

On appeal defendant first argues that the trial court lacked jurisdiction over the matter because a sufficient information was not filed in the case. The record reveals that defendant was prosecuted upon a complaint in the form of a Missouri Uniform Complaint and Summons [1] executed by the arresting officer. At the bottom of the form is the following statement: "ON INFORMATION UNDERSIGNED PROSECUTOR COMPLAINS AND INFORMS COURT THAT ABOVE FACTS ARE TRUE AS HE VERILY BELIEVES." A space is then provided for the prosecutor's signature and the date. No signature appears in this space. Defendant moved for a judgment of acquittal at the close of the State's evidence based upon the defective information and the alleged lack of jurisdiction resulting therefrom. The trial court overruled defendant's motion.

Defendant argues that because the complaint filed in this case was not signed by a prosecutor, it did not constitute an information; therefore the trial court was without jurisdiction to proceed. To support this contention, defendant cites *City of Joplin v. Graham*, 679 S.W.2d 897, 899 (Mo.App., S.D.1984); *City of Florissant v. Rouillard*, 510 S.W.2d 185, 187 (Mo.App., St.L.D.1973); *State ex rel. House v. White*, 429 S.W.2d 277, 281 (Mo.App., K.C.D.1968); *Kansas City v. Asby*, 377 S.W.2d 511, 513 (Mo. App., K.C.D.1964). Similar to the action taken in the case before us, the trial courts in both *White* and *Asby* proceeded on a complaint executed by a law enforcement officer in the form of a Missouri Uniform Traffic Ticket.[2] In both cases the Kansas City Court of Appeals held that the prosecutions on ordinance violations must be commenced by the filing of an information made, or signed, by the public prosecuting

1. *See* Form 37.A.

2. Form 37.1162 was replaced by Form 37.A in 1985.

officer. *Asby,* 377 S.W.2d at 513; *White,* 429 S.W.2d at 281. The court concluded that the lack of such a signature resulted in an invalid information and a lack of jurisdiction. *Id.* Rule 37 was amended and became effective in 1986, and governs ordinance and traffic violation cases. Rule 37.-41 states:

> No indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, because of any defect therein that does not prejudice the substantial rights of the defendant.

We decline to follow the above-cited cases insofar as it does not appear the defendants in those cases alleged any prejudice affecting substantial rights. Thus, we do not find *Graham, Rouillard, White* and *Asby* controlling.

The State argues that the principle set forth in these cases does not apply to the case before us in that those cases involved the prosecution of a *municipal* ordinance violation. We do not find this distinction persuasive. For, in *State v. Allison,* the Kansas City Court of Appeals applied the principle set forth in *Asby* to a matter involving a *state* law traffic violation. *State v. Allison,* 424 S.W.2d 754, 755 (Mo. App., K.C.D.1968). As in *Asby* and *White,* the trial court proceeded on a complaint filed in the form of a Missouri Uniform Traffic Ticket. *Id.*

■ However, Missouri Supreme Court Rule 23.11, which applies to felonies and misdemeanors and is nearly identical to Rule 37.41 discussed above, prohibits the result sought by defendant. Rule 23.11 states:

> No indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant.

Defendant fails to point to any substantial rights that have been violated. Thus we hold that lack of a signature by a prosecutor on an information is a minor defect not affecting substantial rights where the defendant has alleged no prejudice therefrom.

Furthermore, several cases support the proposition that lack of a signature by the prosecutor on an information is a minor defect that is waived by the defendant unless attacked in a motion to quash. *Walster v. State,* 438 S.W.2d 1, 3 (Mo.1969); *State v. Souders,* 703 S.W.2d 909 (Mo.App., E.D.1985); *State v. Sincup,* 674 S.W.2d 689, 691 (Mo.App., E.D.1984); *State v. VanSickel,* 675 S.W.2d 907 (Mo.App., W.D. 1984); *State v. Rhodes,* 591 S.W.2d 174 (Mo.App., E.D.1979). In *Walster* our supreme court expressly stated that lack of a prosecutor's signature is a minor defect. *Walster,* 438 S.W.2d at 3. We do not believe that defendant's conviction should be overturned upon a mere oversight by the prosecutor. Defendant's first point is denied.

■ In his second point defendant attacks the information for its failure to set forth the penalty provision. Rule 23.-01(b)(4) requires an information to set forth the statutory section alleged to have been violated and the section which fixes the punishment therefore. The information in the present case set forth the section violated, RSMo § 577.010 (1986), but failed to set forth the section fixing punishment. But absent any showing of prejudice, the omission of statutory section numbers is not error where the information notified the defendant of the offense charged and would constitute a bar to another prosecution. *State v. Canepa,* 670 S.W.2d 205, 207 (Mo.App., W.D.1984); *Emmons v. State,* 621 S.W.2d 329, 330 (Mo.App., W.D.1981). It is clear from the record that defendant knew the nature of the charge against him and that it constituted a bar to another prosecution on the same offense.

Finding defendant's arguments to be without merit the judgment of the trial court is affirmed.

KAROHL and GRIMM, JJ., concur.