**CITY OF GRANDVIEW, Respondent,**

v.

**Jack B. WINTERS, Appellant.**

**No. WD 40391.**

Missouri Court of Appeals,
Western District.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied
May 16, 1989.

Charles W. Gardner, Lee's Summit, for appellant.

John O'Malley, Grandview, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

FENNER, Presiding Judge.

Appellant, Jack B. Winters, appeals his convictions under the Ordinances of the City of Grandview, Missouri, for improper lane usage and driving under the influence of an intoxicating liquor (DUI). Appellant was convicted of the beforementioned violations on December 11, 1987, after trial in the Circuit Court of Jackson County, Division 104, before the Honorable James N. Foley, Associate Circuit Judge. Appel-

lant's trial on December 11, 1987, was on his *de novo* appeal from conviction in the Grandview Municipal Division of the Jackson County Circuit Court.

In regard to the charge of improper lane usage, Winters argues that the information, upon which he was tried, charged him with improper lane usage by "stradling [sic] the yellow line while traveling south bound on West Access". Winters argues he was entitled to judgment of acquittal on this charge first because the facts at trial showed there was no such yellow line and second because the street upon which he was driving, West Access, was a one-way street exempt from the ordinance under which he was charged.

On appeal from a conviction for a municipal ordinance violation, the evidence is construed most strongly in favor of the result reached and the facts in evidence and all inferences reasonably to be drawn therefrom are considered in the light most favorable to the city with all evidence and inferences to the contrary disregarded. *City of Jackson v. Rapp*, 700 S.W.2d 498, 499 (Mo. App.1985).

Winters did not testify at trial. The only evidence Winters offered at trial was the testimony of a pharmacist in relation to medication that Winters was using at the time of his arrest in August of 1987. The City of Grandview offered the testimony of the arresting officer, Henry Ellis. In regard to the charge of improper lane usage the only evidence in the record at trial is the following testimony from Officer Ellis:

"Q. [Prosecutor]: What did you observe, if anything, as you were behind him at that time?

A. [Officer Ellis]: He was driving what I call in the passing lane, and there's a yellow line dividing the lanes, the shoulder, and he was crossing over that line.

Q.: Approximately how many times did you see him cross over the line?

A.: I believe it was twice.

Q.: And this was crossing over the center line of Blue Ridge?

A.: That's correct.

Q.: Blue Ridge is four lanes wide at that location?

A.: Well, it's not Blue Ridge. It would be the West Access Road he was crossing.

Q.: I'm sorry. The West Access Road. There's two lanes and a shoulder on each side?

A.: That's correct."

At oral argument the parties agreed that the yellow line separated the shoulder of the road from the passing lane and was not in the center of the road.

Winters was charged under Section 14–42 of the Grandview City Code which provides in pertinent part as follows:

Sec. 14–42. Vehicle to be driven on right half of roadway; exceptions.

(a) Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:

. . . . .

(4) Upon a roadway designated and signposted for one-way traffic.

(b) Upon all roadways, any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing, shall be driven in the right-hand lane then available for traffic, or as close as practible to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.

The City's evidence on the charge of improper lane usage consisted only of the ordinance and the officer's testimony as above quoted. Although the officer did establish that there was a yellow line somewhere on the road, his testimony on the lane usage charge was otherwise vague, indefinite, contradictory and inconclusive in regard to the appellant having violated the provisions of the ordinance under which he was charged.

Appellant's conviction of improper lane usage is reversed.

In his third allegation of error, Winters argues that he was entitled to a judgment of acquittal on the charge of DUI. Winters argues that the information in the DUI charge stated that the offense occurred on 122nd Street at or near West Access and that there is no such location in the City of Grandview.

Winters misinterprets the charge. The information charges that the offense occurred at or near 122nd and West Access not on 122nd at or near West Access as Winters argues. The evidence did establish that 122nd Street does not intersect with West Access and that there are no intersections between 119th and 125th on West Access. However, the reasonable inference to be drawn from the evidence is that the information described the general location on West Access where the violation occurred.

An information charging an ordinance violation is not tested by the same degree of strictness and particularity as one charging a criminal offense. *City of Joplin v. Graham,* 679 S.W.2d 897, 898 (Mo.App.1984). Additionally, if there had been some failure in the information to give all of the desired details, such failure would have been waived by Winters not requesting a bill of particulars. *State v. Kesterson,* 403 S.W.2d 606, 611 (Mo.1966); *State v. Ridinger,* 589 S.W.2d 110, 113 (Mo.App.1979).

The fourth argument presented by Winters is that he is entitled to judgment of acquittal on the charge of DUI because "if said location [122nd and West Access] did exist it would be upon private property and not upon a public roadway." The evidence is clear that Winters was driving on West Access in the general vicinity where 122nd Street would otherwise intersect. There was no evidence at trial to support Winters' fourth allegation of error, it is without merit and denied.

The fifth allegation of error raised by Winters is that he was entitled to a judgment of acquittal on the charge of DUI because the information failed to allege he was under the influence of alcohol to a degree which rendered him incapable of safely driving a vehicle and therefore, the information was void. Once again an information charging an ordinance violation is not tested by the same degree of strictness and particularity as one charging a criminal offense and it is generally considered to be sufficient if it describes the act complained of in the language of the ordinance itself. *City of Joplin v. Graham, supra,* at 898.

Winters' fifth allegation of error is not supported by the law or the evidence. The information clearly meets the test set forth in *City of Joplin v. Graham, supra.*

In his sixth allegation of error, Winters argues that the Grandview DUI Ordinance is overly broad and vague in that the term "under the influence" is not defined. Winters argues that his prosecution under the Grandview DUI Ordinance violates his right to due process of the laws guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

Winters failed to challenge the constitutionality of the Ordinance until his Motion for New Trial. Issues of constitutionality are required to be raised at the first opportunity in the course of orderly procedure. *State v. Danforth,* 654 S.W.2d 912, 917 (Mo.App.1983). The constitutionality of a municipal ordinance cannot be challenged in the court of appeals by invoking due process where the constitutionality of the ordinance was not mentioned during trial and was mentioned for the first time in defendant's motion for new trial. *Kansas City v. Howe,* 416 S.W.2d 683, 687 (Mo. App.1967).

Winters' attack on the constitutionality of the Ordinance comes too late to be given any further consideration, which is not at all to say that the ordinance is otherwise subject to a valid constitutional attack, but that merely for purposes of this appeal the argument has not been preserved.

In his seventh allegation of error, Winters argues that he is entitled to a new trial or acquittal because his trial counsel rendered ineffective assistance. This court has never heard of an acquittal being granted on the grounds of ineffective as-

sistance of counsel and Winters cites no authority for this proposition most likely because there is none to be found. Furthermore, the contention that the defendant was not effectively represented at trial is not reviewed by the appellate court, outside of the scope of Rules 24.035 and 29.15 which are only applicable to felonies, unless the record sufficiently develops facts essential to a meaningful review of the point and only exceptional cases will warrant this type of review. *See, State v. Koetting*, 691 S.W.2d 328, 332 (Mo.App. 1985). The case at bar is clearly not such an exceptional case warranting this type of review and appellant's brief has failed to develop any meritorious argument of ineffective assistance of counsel at trial.

■ In his last effort to allege error sufficient to sustain a new trial or judgment of acquittal, Winters argues that the evidence was "insufficient to support conviction". The phraseology of this point is indicative of the confusing and imprecise manner in which appellant's arguments have been presented to this court. Winters does not specify which conviction he feels the evidence was insufficient to support. The evidence on the charge of improper lane usage has already been discussed herein and it is assumed that Winters is also arguing that there was insufficient evidence to support his DUI conviction.

In regard to the DUI conviction the evidence was overwhelming in support of appellant's guilt. The arresting officer's testimony was uncontroverted that he first observed appellant urinating in the parking lot of a fast food restaurant and that the officer then observed appellant get behind the wheel of his truck and proceed to drive. The officer followed appellant and observed him driving onto the shoulder of the road. The officer stopped the appellant and upon approaching appellant's vehicle there was an odor of alcohol from inside the vehicle. When appellant exited his vehicle, he nearly fell to the ground and the officer had to assist him in standing. Appellant had a very strong odor of alcohol on his breath, he was swaying and his speech was slurred. Appellant had urinated on his clothes, the pupils of his eyes were contracted, he was belligerent toward the officer, his language was vulgar and appellant maintained that he was not driving.

The arresting officer testified that he had seven years' experience as a police officer, that he has observed people who have consumed alcohol and that he was familiar with the effects of alcohol on individuals. The officer testified that in his opinion the appellant was intoxicated to the extent that his ability to operate a motor vehicle was extremely impaired. The evidence was overwhelming in support of appellant's conviction of the DUI charge.

The appellant's conviction for improper lane usage is reversed and his conviction of driving under the influence of intoxicating liquor is affirmed.

All concur.